## WHITNEY v. DRESSER.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND
CIRCUIT.

No. 180.　Argued January 26, 1906.—Decided February 19, 1906.

Bankruptcy proceedings are more summary than ordinary suits, and a sworn proof of claim against the bankrupt is *prima facie* evidence of its allegations in case it is objected to.

THE facts are stated in the opinion.

*Mr. George H. Gilman* for appellant:

The burden of proof as to claims against a bankrupt estate is upon the claimant, and he is not relieved of it by the *ex parte* statements in his proof of claim.

It is of course a general principle, applicable to every form of legal or equitable procedure in courts administering the Anglo-Saxon system of jurisprudence, that a mere *ex parte* affidavit is not to be treated as legal evidence in support of the claim embodied therein, if objection is made to the claim and the issues thereby raised are brought to trial. Loveland on Bankruptcy, 2d ed., 341.

The question has come up under state insolvency laws, and proofs of claim under those laws are always treated, if an issue is raised by objections filed thereto, as in the nature of pleadings, which must be supported by legal evidence. This has

been the practice in the New York state courts. *Matter of Jeselson,* 10 Daly, 104. See also *Crandall* v. *Carey-Lombard Lumber Co.,* 164 Illinois, 474; *Bank* v. *Lanahan,* 66 Maryland, 461.

*Mr. Adrian H. Joline,* with whom *Mr. Adrian H. Larkin* and *Mr. George E. Hargrave* were on the brief, for appellee:

The verified amended proof of claim is *prima facie* evidence of indebtedness requiring the trustee to produce evidence of sufficient force to rebut the presumption thus raised. *In re Sumner,* 101 Fed. Rep. 224; *In re Shaw,* 109 Fed. Rep. 780; *In re Doty,* 5 Am. B. Rep. 58; *In re Cannon,* 133 Fed. Rep. 837; *In re Carter,* 138 Fed. Rep. 846. The cases cited by appellant arising under state insolvency laws have no bearing on this question.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from the allowance of a claim of Emma B. Dresser against the firm of Dresser & Company, bankrupts, the members of the firm being Daniel Le Roy Dresser and Charles E. Reiss. The allegations of the amended proof, so far as necessary to be stated, are that the bankrupts are justly and truly indebted to the deponent in the sum of $88,145, upon the following consideration. Before May, 1896, the deponent lent certain specified shares of stock to the firm of Dresser and Goodrich for the purpose of the firm's borrowing money upon the same, etc., and the firm did so. In May, 1896, the firm was dissolved, Daniel Le Roy Dresser took over its assets and assumed its liabilities, including that to the deponent with her consent, "and the proceeds of the loans for which said securities had been deposited by said firm as collateral were turned over to said Daniel Le Roy Dresser and used by him in his business." In May, 1897, the present bankrupts formed their partnership, taking over the assets and assuming the liabilities of said Dresser. At the request of said Dresser and Reiss with deponent's knowledge and consent the liability of Dresser

to the deponent was assumed by the firm, "and used by said firm in its business." Evidently some words were omitted at this point, by mistake, and we agree with the court below that the most reasonable view is that it was intended to repeat the phrase quoted above in speaking of the transfer from Dresser & Goodrich to Dresser.

The trustee objected to the allowance of the claim against the assets of the partnership and put in evidence before the referee, the main fact proved being that Dresser personally signed the notes on which were made the advances for which the stocks were pledged. This was relied on, in connection with the form of the proof of claim before it was amended, to show that the stocks really were lent to Daniel Le Roy Dresser alone. On the other hand it appeared that some, at least, of the checks for the money lent went to the firm, and all the evidence was reconcilable with the averments of the amended claim. The referee ruled that the verified amended proof of claim was *prima facie* proof of the indebtedness of Dresser & Co. to the claimants, held the evidence introduced insufficient to rebut it, and dismissed the objection. The District Judge sustained the action of the referee and his order was affirmed by the Circuit Court of Appeals. *In re Dresser*, 135 Fed. Rep. 495; 68 C. C. A. 207.

It is urged that the claim is bad on its face because it showed at most a promise to answer for the debt of another, required to be in writing by the New York Statute of Frauds, and no such writing was filed with the proof in accordance with the requirement of the Bankruptcy Law. Section 57b. It is unnecessary to consider whether the objection is open or otherwise sound, because, if it is, which we are far from intimating, the claim clearly imports a novation, that is to say, the giving and accepting of the responsibility of the present firm in place of that of Daniel Le Roy Dresser alone. The only question warranting the appeal is whether the sworn proof of claim is *prima facie* evidence of its allegations in case it is objected to. It is not a question of the burden of proof in a technical sense—a

burden which does not change whatever the state of the evidence—but simply whether the sworn proof is evidence at all.

The Circuit Court of Appeals observed that the proof of claim warrants the payment of a dividend in the absence of objection, and, therefore, must have some probative force. In reply it is argued that what is done in default of opposition is no test of what is evidence when opposition is made; that a judgment may be entered on a declaration for want of an answer, yet a declaration is not evidence; that it is contrary to analogy to give effect to an *ex parte* affidavit, and that on general principles it is the right of any party against whom a claim is made to have it proved, not only upon oath, but subject to cross-examination.

Notwithstanding these forcible considerations we agree with the Circuit Court of Appeals. The prevailing opinion, not only in the Second Circuit but elsewhere, seems to have been that way. *In re Sumner*, 101 Fed. Rep. 224; *In re Shaw*, 109 Fed. Rep. 780; *In re Cannon*, 133 Fed. Rep. 837; *In re Carter*, 138 Fed. Rep. 846; *In re Doty*, 5 Am. B. Rep. 58. See also *In re Saunders*, 2 Low. 444, 446; *In re Felter*, 7 Fed. Rep. 904, 906. The alternative would be that the mere interposition of an objection by any party in interest, § 57d, would require the claimant to produce evidence. For if the formal proof is no evidence a denial of the claim must have that effect. If it does not, then the formal proof is some evidence even when there is testimony on the other side. The words of the statute suggest, if they do not distinctly import, that the objector is to go forward, and thus that the formal-proof is evidence even when put in issue. The words are: "Objections to claims shall be heard and determined as soon," etc. Section 57f. It is the objection, not the claim, which is pointed out for hearing and determination. This indicates that the claim is regarded as having a certain standing already established by the oath. Some force also may be allowed to the word "proof" as used in the act. Convenience undoubtedly is on the side of this view. Bankruptcy proceedings are more summary than ordi-

nary suits. Judges of practical experience have pointed out the expense, embarrassments and delay which would be caused if a formal objection necessarily should put a creditor to the production of evidence or require a continuance. Justice is secured by the power to continue the consideration of a claim whenever it appears there is good reason for it. We believe that the understanding of the profession, the words of the act and convenient and just administration all are on the side of treating a sworn proof of claim as some evidence even when it is denied.

*Order affirmed.*