In .re JAMES DUNLAP CARPET CO.

(District Court, E. D. Pennsylvania. July 3, 1909.)

No. 2,741.

1. BANKRUPTCY (§ 341*)—CLAIMS—ALLOWANCE—STATUTES.
    Where the referee did not continue consideration of a claim on his own motion, the concluding clause of Bankruptcy Act of July 1, 1898, c. 541, § 57d, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), providing that all claims which have been duly proved shall be allowed on receipt by or on presentation to the court, unless objection to their allowance shall be made by parties in interest or their consideration be continued for cause by the court on its own motion, did not apply.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 341.*]

2. BANKRUPTCY (§ 340*)—CLAIMS—PROOF.
    Under Bankruptcy Act July 1, 1898, c. 541, § 57d, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), providing that claims which have been duly

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

proved shall be allowed upon receipt by or on presentation to the court unless objection to their allowance shall be made by parties in interest, a sworn proof of claim against the bankrupt is prima facie evidence of its allegations in case it is objected to.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

**3. BANKRUPTCY (§ 331*)—CLAIMS—VALIDITY.**

Where a bank had a valid claim against a bankrupt, the fact that another person had previously filed a claim as a creditor on the same account did not prejudice the bank's right to offer proof of its debt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 331.*]

**4. BANKRUPTCY (§ 340*)—CLAIMS—PROOF.**

A claimant's sworn statement declared that the goods were sold and delivered by claimant to the bankrupt who was indebted to claimant by reason of such sale and delivery. *Held* that the fact that the account attached to the claim and the affidavit also recited that the goods were sold for the account of R. brothers, a third person, in whose behalf another claim had been filed on the same account, did not destroy the probative force of the claim as prima facie evidence of its validity in favor of the claimant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527: Dec. Dig. § 340.*]

**5. BANKRUPTCY (§ 340*)—CLAIMS—OBJECTIONS—EVIDENCE.**

On an issue as to the validity of a claim against a bankrupt presented for allowance, a previously allowed claim of another creditor on the same debt is inadmissible in support of the objections of the trustee and such other creditor.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 340.*]

In Bankruptcy.

See, also, 163 Fed. 541.

George Wentworth Carr, for Sovereign Bank of Canada.
Henry C. Huey and Porter, Foulkrod & McCullagh, for trustees.
Carrington & Carrington, for Assets Realization Co.

J. B. McPHERSON, District Judge. This case presents a peculiar condition of affairs. The adjudication was entered on March 30, 1907, and on April 5th of the same year Reichardt Bros. filed the following proof of claim:

"At New York City in the county and state of New York, on the 28th day of March, A. D. 1907, came Joseph Reichardt of No. 5 Hanover street, New York City, in the county of New York, state of New York, doing business as Reichardt Bros. and made oath, and says that the said the James Dunlap Carpet Company, the corporation against whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition and still is justly and truly indebted to said deponent in the sum of eleven thousand two hundred twelve and $11/100$ ($11,212.11) dollars; that the said debt exists upon an account of which a statement is hereto annexed; that the consideration of said debt is as follows: Goods, to wit, wool sold and delivered by claimant to bankrupt at the request of the bankrupt at the times and in the quantities and for the prices mentioned in the statement hereunto annexed, which statement is a true and correct copy of the books of original entry of said claimant; that the said debt was due on December 14, 1906, March 15, 1907, and March 21, 1907, the average due date being February 1, 1907, and that no note has been received for the said debt nor any judgment rendered thereon except as aforesaid; that no part of said debt has been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid; that there are no set-offs or counterclaims to the same; that deponent has not nor has any person by his order or to his knowledge or belief for his use had or received any manner of security for said debt whatever."

To this sworn statement was appended an account containing copies of three invoices, the items of which are as follows:

Dec. 14th, 1906.

The James Dunlap Carpet Co.,
    Philadelphia, Pa.

          To Sovereign Bank of Canada,
                25 Pine Street, N. Y. City.
          %c Reichardt Bros.

Terms
Cash, less 2%.

              10 Bales Afganistan Fleece Wool.

R. B.
W. W. C.

| | | |
|---|---|---|
| 153 | ......... | 405 lbs. |
| 89 | ......... | 375 " |
| 102 | ......... | 343 " |
| 132 | ......... | 406 " |
| 110 | ......... | 362 " |
| | | 1891 lbs. |

R. B.
W. W. M.

| | | |
|---|---|---|
| 612 | ......... | 380 lbs. |
| 631 | ......... | 378 " |
| 637 | ......... | 382 " |
| 642 | ......... | 379 " |
| 616 | ......... | 396 " |
| | | 1915 lbs. |
| | | 3806 " |
| Tare 5 lbs. each, | | 50 " |
| | | 3756 " at 23 cts. equals $863.88 |

Jan. 15th, 1907.

The James Dunlap Carpet Co.,
    Philadelphia, Pa.

          To Sovereign Bank of Canada,
                25 Pine Street, N. Y. City.
          %c Reichardt Bros.

Terms,
1% — 10 days.
60 days net

            100 Bales White Mongolian Fleece.

R. B.
W. M.

        Weighing as per attached,
           36357 lbs.
  Tare 5 lbs. each 500 "

        35857 " at 28 cts. equals $10039.96
via Penn R. R.
to Fairhill Station, Pa.

Jan. 21st, 1907.

The James Dunlap Carpet Co.,
        Philadelphia, Pa.

                    To Sovereign Bank of Canada,
                            25 Pine Street, New York.
                    % Reichardt Bros.

Terms,
2% — 10 days.
60 days net.

                    Two Bales Colored Boukhara Willowed.

R. B.
G. G.

        364 .......... 407 lbs.
         80 .......... 340  "

                       747  "
        Tare, 5 lbs.    10  "

                       737  "  at 23½ cts. equals $173.19

                    Two Bales Ask. Aut. Washed.

R. B.
A. A. W.

        4005 .......... 323 lbs.
        4010 .......... 301  "

                       624  "
        Tare 5 lbs. ea.  10  "

                       614  "  at 22 cts. equals $135.08

                                              $308.27

via Penn R. R.
To Fairhill Sta.

This claim was duly allowed, and at least one dividend has been declared and paid upon it. The Assets Realization Company has become the owner of the claim by assignment.

On February 27, 1908, the Sovereign Bank of Canada presented to the referee a claim in the following terms:

"At Toronto, Canada, on the twentieth day of February, 1908, came Francis George Jemmett, of Toronto, Canada, and made oath, and says that he is general manager of the Sovereign Bank of Canada, a corporation incorporated by and under the laws of the Dominion of Canada, and carrying on business at Toronto, Canada, and that he is duly authorized to make this proof, and says that the said the James Dunlap Carpet Co., the corporation against whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of the said petition, and still is, justly and truly indebted to said corporation in the sum of eleven thousand two hundred twelve and $11/100$ ($11,-212.11) dollars; that the said debt is founded upon an account of which a copy is hereto annexed; that the consideration of said debt is as follows: Goods sold and delivered by the Sovereign Bank of Canada to the bankrupt as shown by said account; that the said debt was due on December 14, 1906, March 15, 1907, and March 21, 1907 (the average due date being February 1, 1907), and that no note has been received for the said debt nor any judgment rendered thereon except as aforesaid; that no part of said debt has been paid, although deponent is informed that Joseph Reichardt has filed proof of a claim similar to this claim, and that certain dividends have been declared and paid to Joseph Reichardt or his assignee; that there are no set-offs or counterclaims to the same; that said corporation has not nor has any person by its order or to the knowledge or belief of deponent for its use had or re-

ceived any manner of security for said debt whatever; that he is duly authorized by said Sovereign Bank of Canada to make this affidavit, and that the aforesaid debt was incurred as and for the consideration above stated, and that such debt to the best of his knowledge and belief still remains unsatisfied; that said corporation has no treasurer, and that deponent's duties include those of treasurer within Dominion of Canada."

To this sworn statement is appended an account identical in every word and item with the account attached to the proof previously filed by Reichardt Bros. That these two claims refer to the same property is so clear that no time need be spent in discussing that proposition. Indeed, it is conceded by every person concerned in the controversy that both accounts comprise the same merchandise, and that the real dispute (whenever it can be reached) is whether Reichardt Bros. or the Sovereign Bank of Canada is entitled to the benefit of the transaction, whatever it may have been, that resulted in transferring the merchandise to the bankrupt. But an important preliminary question must be determined before the real dispute can be attached, namely: Upon whom rests the burden of proving the validity or invalidity of the claim made by the bank? Before this question can be decided, certain other facts must be stated: When the bank's claim was presented to the referee, his clerk marked it: "Filed 3 P. M. February 27th, 1908—O'B." Of course, this was a mere notation of the time of presentation, and was neither allowance nor the equivalent of allowance. I need scarcely say that the allowance of a claim is not a perfunctory act that may be entrusted to an employé. It requires examination and consideration by the referee, and must be performed by himself. Ordinarily—I do not say, necessarily—it should be performed at some meeting of creditors, when the act may be done with a certain degree of publicity. The bank's claim, therefore, being in the custody of the referee, but not yet allowed, objections were duly filed by the trustee and by the Assets Realization Company, and these objections were heard in the following September. At this meeting, all parties in interest being represented by counsel, the notes of testimony show this brief proceeding:

"Attorney for Bank: Mr. Referee, I offer in evidence the proof of debt of the Sovereign Bank of Canada and ask for its allowance.
"Attorney for Assets Co.: We object.
"Attorney for Bank: We rest.
"Attorney for Trustee: We ask for additional proof of claim.
"Attorney for Bank: I want to ask the other side if it is their intention to offer any further proofs.
"Attorney for Assets Co.: At this point of the case I refuse to offer any evidence.
"Attorney for Bank: Then we move for dismissal of the objections.
"Attorney for Assets Co.: When I refused to offer any evidence, I did that with the utmost respect to the court and reserve to ourselves, if the decision of the court does not agree with us, the right to produce evidence or not after we hear the decision of the court."

Thereupon argument was had, and a few days later the referee filed an opinion, in which he stated the questions for decision as follows:

"(1) Is the proof of debt filed by the claimant herein prima facie proof of the indebtedness of the bankrupt to the claimant?

"(2) Is the claim filed ambiguous or not, and, if ambiguous, is it so much so as to require further proof by the claimant of its allegations?

"(3) Should the objections of the trustee and the Assets Realization Company be dismissed for lack of proof and the claim of the Sovereign Bank of Canada be allowed?

"(4) Is the Reichardt proof of claim evidence of its contents in a proceeding to disallow the claim of the Sovereign Bank of Canada? And, if so, is it adverse evidence? And, if adverse evidence, is it sufficient to rebut the prima facie case made by the claimant's proof of debt (if such prima facie case shall be considered to have been made by it)?"

Without discussing these questions, the referee ordered:

"That the motion of the claimant to dismiss all objections be denied, and the claimant is directed to proceed with the taking of testimony in support of its claim if it so desires."

And he certified the questions to the district court for its decision thereon.

It will be observed that the order does not distinctly decide any one of the foregoing questions, and therefore leaves the court in the dark concerning the reasons that led the referee to his conclusions. In such a situation I can only suppose that some or all of the objections filed by the trustee and by the Assets Realization Company were regarded by the referee as sufficient to prevent the allowance of the claim, and accordingly it becomes necessary to examine these objections, although I think they need not be taken up seriatim. At this point, however, it should first be noted that the referee did not continue the consideration of the claim for cause upon his own motion, and therefore that the concluding clause of section 57, subsec. "d," Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), does not apply. It is the preceding clause of that subsection that requires attention:

"Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest. * * *"

Was the bank's claim "duly proved"? Not, was it definitely and finally proved, but was it sufficiently proved, proved prima facie, so as to require its allowance "unless objection * * * be made by parties in interest"? Or, as no evidence other than the claim itself was offered, did the claim constitute due prima facie proof? This is no longer an open question since the decision of the Supreme Court in Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584, in which it was distinctly ruled that a sworn proof of claim against the bankrupt is prima facie evidence of its allegations in case it is objected to.

The first question certified by the referee must therefore be answered in the affirmative, unless (as is suggested by the second question) there is something in the present case that requires the court to distinguish it from Whitney v. Dresser. The objectors find such difference in the claim itself, and point to the fact that the account which is part of the claim states that the goods were disposed of to the bankrupt for "a/c Reichardt Bros."; and that the claimant's

affidavit declares that the goods were sold and delivered "as shown by said affidavit," and declares, further, that

"Deponent is informed that Joseph Reichardt has filed proof of claim similar to this claim, and that certain dividends have been declared and paid to said Joseph Reichardt or his assignee."

The declaration that "deponent is informed," etc., may be at once dismissed as superfluous and irrelevant. If the bank has a valid claim, the fact that another person has previously come forward as a creditor upon the same account does not in the least affect the bank's right to offer proof of its debt. The two claims may come into conflict, from which only one may emerge, but that is a subsequent matter, and does not impair the bank's right to present its proof in the ordinary way. What, then, is the effect of the remaining statement in the account and in the affidavit that the goods were sold for "a/c Reichardt Bros."? It is argued that this is a "circumstance" that justified the referee in demanding further evidence (Re Sumner [D. C.] 101 Fed. 226); and also that the quoted phrase makes the claim "self-contradictory," so that Whitney v. Dresser no longer applies (Re Castle Braid Co. [D. C.] 145 Fed. 224). I think it is undoubtedly true that the words "a/c Reichardt Bros." are capable of several constructions, and, it may be, that, if the referee had found the condition of the claim to be unsatisfactory because these words may bear one of two or three meanings, he might have been justified in continuing the consideration of the claim upon his own motion until the claimant should have resolved the ambiguity. But he did not so continue it, and the question therefore remains whether, in an attack by other creditors, the ambiguous words should have the effect of destroying the probative force that the claim would otherwise have. In my opinion they do not have such effect, because the sworn statement of the claimant declares that the goods were sold and delivered by the claimant to the bankrupt, and that the bankrupt is indebted to the claimant by reason of such sale and delivery. The affidavit and the account must be taken together, and, while the account alone is capable of more meanings than one, the affidavit asserts what meaning the account should bear, and prima facie, therefore, this is the meaning which the entire claim is to have. Accordingly the second question should receive the answer that the bank's claim is not so ambiguous as to require further proof from the claimant at the present time.

The third and fourth questions may be considered together. The trustee and the Assets Realization Company offered no evidence, and it might be sufficient to close the discussion at this point, and to decide, without more, that the prima facies of the bank's claim must prevail. But, although the Reichardt claim was not formally offered in evidence, I think it would be taking a narrow view to hold that the referee was obliged to shut his eyes altogether to that account, especially in contemplation of the fact that the bank's claim itself calls attention to this matter and to the payment of dividends upon the duplicate account. What effect, then, if any should be given to the Reichardt claim in the present inquiry? In my opinion the an-

swer should be that no effect is to be given it in the pending proceeding. Perhaps the referee might have been justified in permitting the existence of this claim to have some influence upon his decision whether or not he would continue the consideration of the bank's claim upon his own motion; but I need not decide the point, since the consideration was not thus continued. The bank's claim is now before the court upon the objections of the trustee and of another creditor, and upon these objections alone; and the exact question is whether in such a situation the previously allowed claim of the other creditor is competent evidence to support the objections. In my opinion it is not competent. The claim is a mere ex parte affidavit, and, while the bankruptcy act gives it a certain degree of probative force in a particular situation—that is, when the claim itself is objected to—the general rules of evidence exclude it in other controversies.

It follows, therefore, that the fourth question should be answered in the negative, and that the answer to this question, taken in connection with the foregoing answers to the first and second questions, would ordinarily require a dismissal of the objections and an allowance of the bank's claim. The trustee's objection is:

"That said claim is a duplication of the claim already filed by Reichardt Bros. and upon which dividends have been allowed, and also for the reason that said claims do not appear upon the books of the bankrupt company as a creditor."

The objections of the Assets Realization Company are as follows:

"(1) That said claim is not allowable against this estate in accordance with the bankruptcy laws.

"(2) That the said Sovereign Bank has been guilty of laches in the filing of said claim.

"(3) That said claim is not on its face a valid claim against this estate.

"(4) That to allow said claim would be a fraud upon this exceptant and the other creditors.

"(5) That said Sovereign Bank has no provable claim against this estate.

"(6) That the said Sovereign Bank had knowledge of the filing of the claim by Reichardt Bros., and should be estopped at this time from filing any claim against the estate.

"(7) That said Sovereign Bank never had a provable claim against this estate.

"(8) That this exceptant, the Assets Realization Company, was an innocent purchaser for value without notice of any equities in favor of the Sovereign Bank of said claim of Reichardt Bros., and therefore to allow the claim of the Sovereign Bank would be a fraud upon this exceptant.

"(9) That said claim is a duplication of the claim already filed by Reichardt Bros., and upon which dividends have been allowed, and also for the reason that said claim does not appear upon the books of the bankrupt company as a creditor, and ask that formal proof of said claim be made."

But, as the intention of the parties was merely to raise the legal questions that have now been decided, and not to shut off the objectors from attacking the bank's claim upon such substantial grounds as may exist, the court hereby directs that the referee's order be set aside, and that the objectors to the claim be required to offer whatever evidence they may see proper to produce in support of their objections. Such evidence to be completed on or before October 5, 1909.