## HORN v. ABTS.*

## In re H. W. ABTS CO.

Circuit Court of Appeals, Eighth Circuit.
May 7, 1927.

### No. 7622.

1. Bankruptcy ⟜330—Claim against bankrupt's estate is governed by practice in equity cases, subject to bankruptcy statutes.

Proceeding in bankruptcy to enforce claim against bankrupt's estate is one in equity, governed by practice in equity cases, subject to modifications effected therein by bankruptcy statutes.

2. Estoppel ⟜110—Where plaintiff's evidence shows that he cannot justly urge claim, failure to plead estoppel does not bar such defense.

Where plaintiff's own evidence discloses that he cannot justly urge his claim because of conduct inconsistent therewith, defendant's failure to plead estoppel does not preclude reliance on that defense, and this rule applies in bankruptcy as well as in equity cases.

3. Bankruptcy ⟜339—State law, requiring defense of estoppel to be pleaded, does not apply in bankruptcy cases.

State law, requiring defense of estoppel to be pleaded, does not apply in proceedings to enforce claim against bankrupt's estate.

4. Bankruptcy ⟜339—Bankruptcy trustee may set up defense of estoppel against claim under pleading in nature of general denial.

Defense of estoppel may be set up by bankruptcy trustee to oppose claim against bankrupt's estate, though objection filed to allowance of claim was in nature of general denial, not asserting any estoppel.

5. Bankruptcy ⟜312—Director held estopped to rescind stock purchase and claim status of creditor on bankruptcy of corporation because corporation was not authorized to sell stock (Comp. St. Neb. 1922, § 8116).

Where claimant, after investigation, purchased stock in corporation of which his brother was president in active charge of the business, and thereupon became director and acted as such and accepted dividends, held that, in absence of fraud, he was estopped on bankruptcy of corporation two years later to rescind purchase and claim status of creditor because corporation had not obtained authority under Comp. St. Neb. 1922, § 8116, to sell or dispose of stock in state.

6. Corporations ⟜316(3)—Director could not rescind stock purchase on corporation's bankruptcy because of its failure to comply with statute affecting sale (Comp. St. Neb. 1922, § 8116).

Law presumes that director of corporation knows what it is his duty to know; hence director could not rescind his purchase of stock on corporation's bankruptcy on the claim that he did not know corporation had not obtained authority under Comp. St. Neb. 1922, § 8116, to sell stock in state.

*Rehearing denied July 25, 1927.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of the H. W. Abts Company, bankrupt. From a judgment on petition to review, approving an order of the referee in bankruptcy, allowing the claim of Michael Abts as an unsecured debt against the bankrupt estate, G. P. Horn, as trustee in bankruptcy, appeals. Reversed and remanded, with directions.

Virgil J. Haggart, of Omaha, Neb. (Morsman, Maxwell & Haggart, of Omaha, Neb., on the brief), for appellant.

August Wagner, of Columbus, Neb., and Fred A. Wright, of Omaha, Neb. (Sullivan, Wright & Thummel, of Omaha, Neb., and Albert & Wagner, of Columbus, Neb., on the brief), for appellee.

Before BOOTH, Circuit Judge, and FARIS and DAVIS, District Judges.

DAVIS, District Judge. Appeal by trustee of the bankrupt estate of H. W. Abts Company from a judgment approving an order of the referee in bankruptcy allowing the claim of Michael Abts for $7,000 as an unsecured debt against the bankrupt estate.

Michael Abts, the claimant, on March 8, 1923, purchased 70 shares of the preferred stock of the H. W. Abts Company, a corporation, for which he paid the equivalent of $7,000. The H. W. Abts Company had not complied with section 8116 of the Compiled Statutes of Nebraska, and was therefore not authorized to issue and dispose of its stock. The corporation for many years conducted a wholesale grocery and commission business at Columbus, Neb. Michael Abts resided on a farm near that point. His brother, H. W. Abts, was president of the company, and he furnished appellee with some information relating to the financial condition of the corporation at the time the stock was purchased. However, before claimant bought the stock he made further inquiry concerning the affairs of the corporation from officers of the company and from other business men at Columbus. The appellee, at the time of becoming a stockholder, was elected a member of the board of directors, and served in that capacity until the company was declared a bankrupt. The claimant attended all meetings of the directors during that period so far as he was able to do so, and testified that he was present at about six meetings. He was in attendance at a meeting of the

directors on November 23, 1923, when the financial condition of the company was discussed. In December, 1923, appellee was paid a dividend of $270 on his stock. In March, 1924, he inquired about another dividend payment, but was told that it was withheld and would be paid at a later date with interest. At the time of bankruptcy, the debts of the company were about $200,-000, approximately the same in amount as at the time appellee purchased the stock. However, the debts owing at bankruptcy, were in the main contracted subsequent to March, 1923. The company was adjudicated a bankrupt on an involuntary petition on December 20, 1924. The claimant tendered his stock to the trustee and demanded the return of purchase price on March 19, 1925. He filed his claim with the referee 5 days later, March 24, 1925.

The issue to be determined in this case is whether the claimant may be permitted, after bankruptcy, to rescind the purported purchase of stock of the corporation and become a creditor of the estate, for the reason that the company had not applied for or received authority from the Department of Trade and Commerce of the state of Nebraska, as required by the statutes of that state, to sell or dispose of its corporate stock. It is conceded that the corporation had not complied with the law in the above-mentioned respect, and that there was no fraud practiced to induce the claimant to purchase the stock.

The trustee takes the position that the claimant was estopped by reason of his conduct in asserting, after the corporation was declared a bankrupt, that he was a creditor instead of a stockholder. The appellant contends that such a defense to the claim cannot now be made, because the objection filed to the allowance of the claim was in the nature of a general denial, and estoppel was not therein asserted.

The Bankruptcy Act (Comp. St. § 9585 et seq.) provides a summary method for the hearing of claims. The "proof" does not take the form of a petition, and it is not so regarded. The "objections" are not by express provision required to take any particular form, or even to be in writing. It has been held that objections to a claim need not be in written form but may be orally presented. Embry v. Bennett (C. C. A.) 162 F. 139; Orr v. Park (C. C. A.) 183 F. 683. In Spencer v. Lowe, 198 F. 961 (8th Cir.), a claim of estoppel was considered, although it was not set up in the objection. The court cited the case of Whitney v. Dresser, 200 U.

S. 532, 26 S. Ct. 316, 50 L. Ed. 584, as authority for the proposition that the rules of pleading are not so strict in reference to claims in bankruptcy as in ordinary actions. [1, 2] This is a case in equity, governed by the practice in such cases, subject to the modifications that have been effected therein by the statutes relating to bankruptcy. But, even if it were an ordinary case in equity, requiring the usual formality of pleading, the defense relied upon would be available, though not specifically pleaded. The facts tending to support an estoppel were brought out by the testimony of the claimant. The rule is that, where plaintiff's own evidence discloses the fact that he cannot justly urge his claim · because of conduct inconsistent therewith, the failure to plead estoppel would not preclude .reliance upon that defense. Fairgate Realty Co. v. Drozda (Mo. Sup.) 181 S. W. 398; Standard Sanitary Mfg. Co. (C. C. A.) v. Arrott, 135 F. 750.

[3, 4] The law of Nebraska, requiring such a defense to be pleaded, for obvious reasons cannot be relied upon in this case. It follows that, by reason of the character of the case and the state of the record, estoppel may be asserted by appellant, though the objection is in the form of a general denial.

[5] Whatever may have been the effect of the failure of the corporation to obtain permission to sell its stock, it does not necessarily follow that claimant is in a position to assert the invalidity of the transaction. This company was doing business in a small city, where its affairs and standing was readily ascertainable to the claimant. His brother was president of the corporation and in active charge of the business. The appellee resided near by, and for many years the business was carried on in the community. It was after an investigation that he decided to purchase the stock. He thereupon became a director and, responding to his duty in that capacity, attended the meetings of the board. The corporation paid claimant a dividend of $270, which he accepted and retained. He sought to collect a subsequent dividend as a stockholder might properly do. The relation of the appellee to the company was never questioned until March, 1925, a period of two years. This course of conduct was such that creditors were justified in relying upon the fact that he was a stockholder and that the money represented by his stock was a part of the capital fund upon which they were entitled to rely as a security for the obligations of the concern.

[6] The contention that he only learned of the failure of the corporation to comply with

the statute of Nebraska after bankruptcy and that he acted promptly after securing that information is not convincing. The law does not permit him to make such a claim, because it presumes that he knew what it was his duty to know.

"The directors of a corporation are chargeable with knowledge of the statute under which the corporation is organized and from which it derives its powers, of such corporate affairs as it is their duty to keep informed of, of the financial condition of the corporation, and of facts which the corporate books and records disclose." 14a Corpus Juris, 100; Briggs v. Spaulding, 141 U. S. 132, 11 S. Ct. 924, 35 L. Ed. 662.

This court, in Newton Natl. Bank v. Newbegin, 74 F. 135, 33 L. R. A. 727, said:

"There are obvious reasons why a shareholder of a corporation should not be released from his subscription to its capital stock after the insolvency of the company, and particularly after a proceeding has been inaugurated to liquidate its affairs, unless the case is one in which the stockholder has exercised due diligence, and in which no facts exist upon which corporate creditors can reasonably predicate an estoppel. When a corporation becomes bankrupt, the temptation to lay aside the garb of a stockholder, on one pretense or another, and to assume the rôle of a creditor, is very strong, and all attempts of that kind should be viewed with suspicion. If a considerable period of time has elapsed since the subscription was made; if the subscriber has actively participated in the management of the affairs of the corporation; if there has been any want of diligence on the part of the stockholder, either in discovering the alleged fraud, or in taking steps to rescind when the fraud was discovered; and, above all, if any considerable amount of corporate indebtedness has been created since the subscription was made, which is outstanding and unpaid—in all of these cases the right to rescind should be denied, where the attempt is not made until the corporation becomes insolvent."

The essential elements of an estoppel are all present in this case. The claimant voluntarily became a stockholder, and consistently maintained that relation to the corporation. To permit him now, after bankruptcy, to repudiate the fact that he was a stockholder, and to assert that his status was that of creditor, would be manifestly unjust and inequitable. The authorities do not support such a position. Handley v. Stutz, 139 U. S. 417, 11 S. Ct. 530, 35 L. Ed. 227; In re Racine Auto Tire Co. (C. C. A.) 290 F. 939; In re Desnoyers Shoe Co. (C. C. A.) 224 F. 372; In re Rombach & Co. (C. C. A.) 9 F. (2d) 359; In re American Aluminum Metal Products Co. (D. C. Cal.) 15 F.(2d) 234.

The judgment is reversed, and the cause remanded, with directions to disallow appellee's claim. .