598

## ROBERTSON v. J. ARON & CO., Inc.
### No. 12182.

Circuit Court of Appeals, Eighth Circuit.

April 23, 1942.

D. D. Panich, of Little Rock, Ark., for appellant.

Claude Cowart, of Mountain Home, Ark., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken by T. E. Robertson, bankrupt, from an order of the district court in bankruptcy which reverses an order entered by the referee and allows the claim of J. Aron and Company against the estate of the bankrupt in the sum of $1,350.84.

The verified claim presented that on September 7, 1939, the bankrupt ordered from the claimant a carload of sugar for the price of $5,012.41, payable on delivery. The sugar sales confirmation detailing the precise quantity, the quality and unit price of said sugar, was attached to and made a part of the claim. In accordance with said sales confirmation the claimant delivered the sugar to the bankrupt, but the bankrupt wilfully and unlawfully refused to accept it, necessitating its re-sale. On the re-sale at the best price obtainable, said carload of sugar brought the sum of $3,885.43. In addition claimant was put to the expense of $222.82 for the handling, storage, cartage and freight on the sugar, making a total loss because of the bankrupt's breach and refusal to accept same in accordance with his order, $1,350.84. An itemized statement showing the re-sale prices at which said sugars were sold and expenses incident to said re-sale was also attached and made part of the claim.

The bankrupt filed amended and substituted objections to the claim in which it was alleged that the claim was not meritorious in that the order for the sugar was oral and was not for immediate delivery but for delivery in thirty days. That upon being notified that the sugar was being shipped immediately the bankrupt promptly gave notice that it would be impossible to accept the sugar at the end of the thirty day period as originally agreed; that the claimant could have disposed of the car load of sugar by reasonable effort on its part in transitu; that at the time of attempted delivery the price was higher than at the time of purchase; that claimant disposed of it below the market price and that any loss was attributable to claimant's own carelessness and negligence.

On the hearing before the referee the bankrupt testified on his own behalf and George F. Porbeck, the claimant's agent, a broker of Little Rock, Arkansas, who had made the sale for claimant, testified in support of the claim. The referee found that the sale was a spot sale for immediate delivery and that the bankrupt had refused to accept delivery because he was unable to pay for it and had thereby breached the contract. On review in the district court those findings were sustained. They were supported by substantial evidence.

The referee also concluded that on the occurrence of such breach the claimant had the right to re-sell the sugar as agent

of the bankrupt and to recover the difference between the contract price and the price on re-sale and such conclusion was also properly sustained by the district court.

But the referee concluded that the burden of proof was upon the claimant to show that the prices on the re-sale were the highest prices for which the sugar could have been sold in the open market. He found that claimant had not sustained such burden and disallowed the part of the claim based on the difference between the original and the re-sale price. The district court concluded that the verified and itemized proof of claim was sufficient in the absence of any evidence to the contrary and that the bankrupt could not challenge the amount shown to be the re-sale price without proof that re-sale was not made in good faith and for less than market price at the time and place of re-sale. It accordingly reversed to that extent and entered the order of allowance now appealed from.

It is here contended for the bankrupt that the district court erred in treating the verified proof of claim in bankruptcy as prima facie evidence of the fairness of the re-sale of the sugar after breach of the sale contract because formal objections were filed to the proof of claim and because the claimant undertook to support the proof of claim by testimony and because the bankrupt supported his objections by testimony.

The record shows that the bankrupt offered testimony of substantial character on the issue whether the sale of the sugar was a spot sale or for future delivery. That issue was properly decided against him on the weight of the conflicting evidence adduced and no weight was attributed to the proof of claim. But on the issue as to the fairness of the re-sale, examination of the bankrupt's testimony convinces that he did not know what means of disposing of the sugar were available to the claimant at the time of the breach of the contract or what prices were obtainable, and that he had no evidence of any unfairness or lack of diligence or failure to realize the highest market price on claimant's part. In that situation, the conclusion and ruling of the district court that the proof of claim itself afforded prima facie evidence sufficient to require the allowance is fully sustained. Neither the filing of formal objections to the proof of claim nor the fact that testimony was adduced by both parties on some of the issues deprive the proof of claim of its prima facie sufficiency to support the allegations contained in it. Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584; Nebraska Mercantile Co. v. Nathanson Bros. Co., 8 Cir., 20 F.2d 330; Hansen v. Nathanson Bros. Co., 8 Cir., 31 F.2d 896; Rasmussen v. Gresly, 8 Cir., 77 F.2d 252; Dickinson v. Riley, 8 Cir., 86 F.2d 385.

The order appealed from is affirmed.