### CONTROLLER OF CALIFORNIA v. LOCKWOOD.

No. 12782.

United States Court of Appeals Ninth Circuit.

Nov. 28, 1951.

Rehearing Denied Jan. 10, 1952.

Edmund G. Brown, Atty. Gen., State of Cal., James E. Sabine and Edward Sumner, Deputy Attys. Gen., for appellant.

Harry A. Pines and Dechter, Hoyt, Pines & Walsh, all of Los Angeles, Cal., for appellee.

Before HEALY and POPE, Circuit Judges, and LEMMON, District Judge.

LEMMON, District Judge.

Arlie R. Lockwood filed a petition in the District Court under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. E. A. Lynch was thereafter appointed receiver. The State of California filed its verified claim asserting thereby a jeopardy assessment owing by Lockwood to the State with priority under Sec. 64, sub. a, of the Bankruptcy Act,[1] said claim being for motor fuel license taxes claimed to be due and unpaid under the "Motor Vehicle Fuel Li-

1. 11 U.S.C.A. § 104, sub. a.

cense Tax Law" of that State.[2] Objections to the claim were filed by both the receiver and Lockwood. A hearing was held before the referee in bankruptcy to whom the matter had been referred by the Court. The referee allowed the claim. Lockwood sought review by the District Court. The receiver requested of the referee but was refused permission to seek review. Later Lockwood was adjudicated a bankrupt and Lynch was appointed the trustee in bankruptcy. Lynch, as trustee, prosecuted the review. The District Court reversed the referee's finding of tax liability upon the ground that the conclusion of the referee lacked evidentiary support.[3] From that order this appeal was taken. We look to the evidence before the referee to determine the correctness of the order appealed from.

Lockwood was a broker and as such would not ordinarily be required to pay the tax, since he would, in the usual course of business, obtain the gasoline in which he dealt from distributors, who had paid the tax and the statute provides that the tax is imposed upon only one distribution of the same motor vehicle fuel. At the hearing a stipulation was entered into that Lockwood had paid no taxes as a distributor. An audit was made of his books for the months of the years 1945 and 1946 during which the tax is alleged to have accrued, which audit disclosed that sales of motor vehicle fuel were made during those months exceeding the gallonage purchased by him from licensed distributors. The claim in question is based upon that discrepancy.[4] The purchases from these distributors as they appeared on his books checked with the records of the distributors and a cross check of 80% of the gallons sold by him in the months of 1945, as disclosed by his books, showed that all of that gallonage had been sold to and received by Lockwood's vendees. It is not unlikely, as claimed by appellant, that the difference between the purchases and sales is attributable to black market operations engaged in by Lockwood. One of the witnesses testified to an admission made to him by Lockwood, an admission nowhere refuted, namely, "If I told you the whole story, it would involve lots of people". Lockwood testified that every gallon he bought was from a distributor, but for obvious reasons the referee was warranted in discrediting or in disregarding entirely his testimony.

A verified claim filed in a bankruptcy proceeding is prima facie proof of its allegations in case objection is made to it, since under Section 57, sub. f, 11 U.S.C.A. § 93, sub. f, it is the objection and not the claim which is pointed out to be heard and determined.[5] It is the oath which gives to the claim this standing. A verified claim is in the nature of a deposition. But here the oath is upon information and belief. At the hearing of the objections to the claim, the referee required the appellant-claimant to go forward with its proof. This the appellant did, realizing no doubt that since the verification of the claim was upon the affiant's information and belief, the claim lacked the evidentiary weight of presumptive validity.[6] Appellant in its brief expressly disclaims any attack on this ruling. Since the claimant attempted to establish by evidence the propriety of its claim, the allegations in the claim would

2. Sections 7301–8403, Revenue & Taxation Code, State of California. These sections place a tax upon the privilege of distributing motor fuel oil.

3. The District Judge affirmed as to the tax of $23.76 on 792 gallons (a trivial amount of total tax and gallonage asserted), which it found had been blended by the bankrupt and upon which the tax had not been paid.

4. No question is raised concerning the audit or the computations of the tax if it is to be assumed that the sales in excess of purchases from licensed distributors may be considered as sales of motor vehicle fuel upon which the tax had not been paid.

5. Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584.

6. In re United Wireless Telegraph Co., D.C.Me., 201 F. 445, which holds that a verification of a claim on a vital point upon information and belief renders the claim a statement of a claim and not a proof of claim, thus without evidentiary status.

172

not be available to supply a deficiency in the evidence.[7]

■ The evidence above detailed suffices to support a finding that Lockwood sold more gasoline than he purchased from the distributors with whom he was known to have dealt. It does not disclose whether the tax upon the excess had or had not been paid. The sole basis for the tax was that he had sold non-tax-paid gasoline. The auditors for the State were unable to find any specific instance in which Lockwood received gasoline on which the tax had not been paid. The case of the State rested solely upon this difference between purchases and sales and the inability or refusal of the bankrupt to produce evidence that the tax was or had been paid on the excess.

We agree with the District Court that there is no factual basis for the referee's conclusion. Suspicion, no matter how aroused, is not evidence. What we find here does not establish the fact in dispute. It lacks the quality of proof. The inference which the referee drew does not rest upon supporting fact or facts. His deduction does not come within the orbit of another certain truth. There are too many loop holes for a false deduction.

It is often perplexing to differentiate between a reasonable inference from evidence and a conjecture, but here we are satisfied that the hypothesis sought and to which the evidence is pointed is not a rational hypothesis. If the proven facts and circumstances afford no reasonable inference or presumption of the essential ultimate fact they are insufficient. That Lockwood sold more gasoline than he purchased from his distributors as they appear on his books is evidence from which it may be inferred that he procured gasoline from other source or sources. But it is necessary to go further in this mental operation and infer that the tax on the additional gasoline had not been paid. There is no connection between the fact proved and the fact to be inferred. The tax may or may not have been paid.

To say that it had not been paid is a mere surmise. Courts may not find facts from speculation, no matter how difficult or impossible it may be to produce evidence establishing the fact in dispute.

■ We find no merit in the argument that the trustee was not competent to prosecute the review. The trustee was charged with the duty of contesting improper claims.[8] It could not be said that he would have met that responsibility had he not contested the claim in the District Court. The review had been brought there by the debtor before his adjudication. After bankruptcy the trustee stood in the place of the bankrupt and could avail himself of defenses as fully as the bankrupt.[9]

Affirmed.

---

7. Youroveta Home & Foreign Trade Co., 2 Cir., 297 F. 723; In re T. A. McIntyre & Co., 2 Cir., 174 F. 627.

8. 11 U.S.C.A. § 75, sub. a(8).

9. Cf. In re Canton Iron & Steel Co., D.C., 197 F. 767.