**GREEN FARMS PRODUCE, INC.,**
Appellant,

v.

**PHELAN & TAYLOR PRODUCE CO.**
et al., Appellees.

No. 21064.

United States Court of Appeals
Ninth Circuit.

July 31, 1967.

C. E. H. McDonnell, Los Angeles, Cal., for appellant.

Flaxman & Coleman, Los Angeles, Cal., for appellees.

Before JERTBERG, BROWNING and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

This is an appeal from the allowance of thirteen separate and distinct claims filed at various dates in July, August and October, 1964, by creditors, appellees herein, against Green Farms Produce, Inc., appellant herein, the debtor in proceedings commenced under the provisions of Sec. 322 of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. Sec. 722. The claims are numbered respectively 8, 10, 17, 39, 47, 48, 49, 51, 57, 62, 63, 64 and 116.

The record discloses that prior to the filing of objections by appellant to said claims, on request of appellant the Referee ordered each of the appellees to produce to the appellant, for its inspection, all of their records supporting the claims which they had previously filed. The appellees duly complied with said order. The records furnished by appellees in support of their claims, for inspection by appellant, have not been made a part of the record on this appeal.

The reason for such order, as stated by appellant's counsel, was:

"Shortly before these proceedings began and as the actual precipitating cause of them, there was a fire at

Green Farms Produce, and a considerable share of Green Farms records were destroyed as well as its inventory at the main plant in Ventura.

"This, of course, makes it extremely difficult for my client to verify the claims in the fashion which would normally be used. As I say, we have taken this sort of round about method perhaps of trying to verify what was and was not delivered to us."

Thereafter, appellant filed written objections to said claims. As to claims numbered 8, 10, 39, 48, 49, 57 and 64, appellant's objection reads as follows:

'[D]ebtor objects on the grounds that it is not indebted. Under order of this Court, each of the said claimants have heretofore furnished and debtor has inspected documents purporting to establish that in each instance delivery of the merchandise on which the claim is founded was accomplished. Debtor alleges that the documents furnished do not demonstrate that the merchandise was received by debtor and debtor denies that the merchandise was so received and debtor on this ground alleges that it is not indebted to each of the said claimants."

As to claims numbered 47 and 51, appellant's objection reads as follows:

"[D]ebtor objects on the grounds that it is not indebted. Under order of this Court, each of the said claimants have heretofore furnished and debtor has inspected documents purporting to establish that in each instance delivery of the merchandise on which the claim is founded was accomplished. Debtor alleges that the documents, in part, furnished do not demonstrate that the merchandise was so received by debtor and debtor denies that the merchandise was so received and debtor on this ground alleges that it is only partially indebted in the amounts set forth in parentheses in this paragraph after the number of each claim."

As to claims numbered 17, 62, 63 and 116, appellant's objection reads as follows:

"[D]ebtor has reviewed the claims set forth in Exhibit 'A'", attached to the objections, "and based upon its books alleges that it cannot verify the said claims nor can the validity thereof be established from the face of the claim or any documents submitted in support thereof, and placing its objection on this ground, debtor alleges that it is not indebted to any of the said claimants."

Thereafter a hearing was held before the Referee on the objections filed by the appellant to said claims, and other claims, including specifically claim No. 102 of the Consolidated Produce Company, which is not directly involved in this appeal. At the hearing the Referee inquired of appellant's counsel as to the objection to claim No. 8, filed by Phelan & Taylor Produce Co. Counsel stated:

"May I say this generally, if your Honor would permit, the claims which follow, and there are quite a number of them, are almost entirely, if not entirely then almost entirely, founded upon the same basic objection.

"This Court, Referee Neukom, made an order directing that certain of the creditors furnish copies of documents or actual documents to sustain the fact of delivery of materials and merchandise to my client. My client then inspected the documents furnished.

"Where they did not bear signatures for the delivery in accordance with what I believe the testimony will show was the policy for the company, my client has then taken the position that these items were not delivered and it is not indebted since there is no receipt for the delivery.

"	*	*	*

"Speaking now particularly of Phelan & Taylor, the objection is founded upon the fact that I don't believe we have any of the Phelan & Taylor invoices that are marked as received.

"	*	*	*

"We have this group, some of which we have instances where almost all of

the invoices or delivery tickets are signed and receipted. Very few are not.

"Some, Phelan & Taylor I believe, have no signed receipts. That problem is presented out of the records that we have had made available under court order to use from the creditors themselves."

After further colloquy between the Referee and counsel for the parties, appellant's counsel stated:

"Your Honor, I have this suggestion to make: That without binding my client, of course, so far as the propriety of any determinations to be made and, of course, not wishing to bind anybody represented as to propriety of determination made, I would like to suggest that we consider trying just one of the matters so that my client has a record and the Court has a record before it on which to make a determination.

"Then after that has been done if the representatives of the various other claimants which involve the same problem wish to so agree, my client will undertake to agree that the same rulings of law might be applied in those instances but reserving to both the claimants and the objector their rights of review.

"I am not wishing to foreclose anyone, but I would like to suggest that we make the record by trying one of the matters first. I would like to suggest that since it would appear that the largest one involved—and I might say is one of the most detailed in record,—is that of the Consolidated Produce that we try that one so that the record will be as complete as possible."

After further colloquy, a Mr. Becker, attorney for one of the claimants not involved in this appeal, stated:

"Our situation, while we are in the same category perhaps, we feel it is not equitable to try the largest case that might take the longest time.

"Ours is $722 with $522 acknowledged and allowed and $200 disallowed because there are no signed delivery tickets. We think we could present our case in ten minutes, if it could be presented at all.

"* * * *

"Unless there is a stipulation that a ruling will be made as to all the cases in the same category, it is unfair to my client to have him pay attorney's fees to come back for a number of occasions for a $200 claim. Now a larger claim might justify such fees."

To Mr. Becker's statement, counsel for appellant stated:

"That is what I was, perhaps clumsily, trying to indicate. I don't want to foreclose either Mr. Becker's client or mine.

"If the Court wishes to apply the same basic principles of law throughout all the claims in this category, we would stipulate that it might be so applied."

Whereupon Mr. Becker stated:

"Could we stipulate that the same evidence be applied in each of the cases so far as the evidence which might be adduced concerning custom and the manner of delivery and so on?

"Otherwise each claimant would still have to await its turn and present some evidence individually."

Counsel for the appellant stated:

"I think we can so stipulate, your Honor."

Following the stipulation, hearing was held before the Referee only with respect to claim No. 102 of the Consolidated Produce Company.

Only two witnesses testified at the hearing, and they were called on behalf of the appellant. These witnesses were Charles A. Gilliard and Adrian M. Ver-

voom, both former employees of the appellant. Charles A. Gilliard testified that he, as General Manager, instructed his employees that they were to sign for all merchandise delivered to the appellant. He further testified that there were occasions when his employees did not comply with the instructions and did not sign for merchandise that was in fact delivered. He testified under cross-examination that the appellant paid for merchandise in instances where there was no signed delivery ticket. He then testified that he received weekly statements from Consolidated Produce Co. to which he made no complaints, and that the amount stated on the proof of claim was also reflected in the appellant's books and records as being due and owing.

Adrian M. Vervoom then testified that he did not always sign for the merchandise received by him, and that he made over 50% of the purchases for Green Farms.

At the conclusion of the taking of testimony the Referee stated:

"I would have to hold with the claimants on this. I don't see any other conclusion. There were instances in which these [invoices] would not be initialed at all and yet they would get the merchandise. The claim is prima facie evidence of the fact that the claim is valid.

"In each case in which this situation exists, where the sole objection to the claim is the fact these invoices are not initialed, the same ruling."

The Referee then stated:

"All you gentlemen here representing claimants where that is the only objection, that the invoices are not signed, I am ruling with you because of the uncontroverted evidence here that oft-entimes they were not signed and the merchandise was delivered."

Whereupon counsel for the appellees called to the Referee's attention the fact that "we have had an awful lot of witnesses come today, that the witnesses who have been called for the purpose of testifying as to all these various cases, that they should be at this time notified they do not have to remain unless they want to do so." Whereupon the Referee stated to such witnesses:

"The matter was shortened by stipulation of counsel on both sides so that this question of the receipt of this produce by this debtor, although the tickets were not signed by their agent, has been decided.

"I assume you were subpoenaed in connection with these individual claims in support of the claimants' position. Well, it is not necessary that you return because that issue has been decided on the one case which I assume is somewhat typical although it is larger in amount than many of the others.

"So you do not need to remain. Thank you for coming in."

Findings of fact, conclusions of law, and order disallowing appellant's objections were signed and filed by the Referee with respect to each claim included in this appeal. The Referee found as a fact that the merchandise set forth in each claim had been delivered to the claimant on open account, and that there was a stated, unpaid balance due each claimant; that all of the allegations and/or statements contained in each proof of claim were true, and all statements contained in the objection filed against each claim were untrue. And as conclusions of law the Referee concluded with respect to each claim that there was a balance due, owing and unpaid, and payable by the appellant to each claimant, and that each claimant (appellee) was entitled to an order that the claim be allowed as filed, and that the objection thereto be disallowed. In respect to each claim the Court ordered that each claim be allowed in the sum fixed in the order, and that the objection thereto be disallowed.

On petition to review the orders of the Referee with respect to the claims involved, the district court adopted the findings of fact of the Referee, held the orders of the Referee were supported by

the evidence, and affirmed the orders made by the Referee.

On this appeal the sole contention of appellant is that the district court erred in holding that the claims of appellees constituted prima facie evidence of the truth of the matters therein set forth, and that the burden was on appellant to disprove the same.

In view of the posture of the case as presented to the district court and on this appeal, we find no merit in appellant's contention. By stipulation of appellant's counsel the hearing before the Referee was limited to claim No. 102 of the Consolidated Produce Company. In addition to the filed claim of such claimant, the records of such claimant in support of such claim, which were furnished to appellant for its inspection pursuant to the order of the Referee, were offered in evidence by appellant, and received.

Although each appellee had likewise furnished to appellant for its inspection, pursuant to the order of the Referee, the records of each appellee in support of its filed claim, such records were not offered in evidence and are not included in the record on this appeal. On the record before him, the Referee allowed claim No. 102 of Consolidated Produce Company, and disallowed appellant's objection thereto. Conformable to the stipulation of counsel for the parties to this appeal that the rulings in the Consolidated Produce case would apply to the claims of appellees, the Referee made the findings of fact, conclusions of law and order in respect to the claim of each appellee, as hereinabove set forth.

In light of the record which we have set forth at some length in this opinion, we find no error of law on the part of the district court or the Referee. See Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906), and In re Hannevig, 10 F.2d 941 (2d Cir.) cert. denied sub nom. Wise v. Kettle, 270 U.S. 655, 46 S.Ct. 353, 70 L.Ed. 783 (1925), and we hold that the findings of fact are not clearly erroneous.

The orders appealed from are affirmed.