### In re RECORD CLUB OF AMERICA, INC., Debtor.

**Bankruptcy No. 74–553.**

United States Bankruptcy Court, M. D. Pennsylvania.

Feb. 18, 1982.

---

---

## MEMORANDUM AND ORDER

### RE: OBJECTION TO CLAIM OF POLYDOR INCORPORATED

*(Claim # 89)*

THOMAS WOOD, Bankruptcy Judge.

Record Club of America, Inc. (RCOA), a bankrupt under Chapter XI of the Bankruptcy Act has objected to a proof of claim in the amount of $300,064.40 filed by Polydor Incorporated (Polydor), a creditor of RCOA. A royalty contract between RCOA (licensee) and Polydor (licensor) is the basis of the claim. RCOA objects to Polydor's claim on the grounds that: 1) the claim is not self-sustaining; 2) all royalty and license fees due have been paid; and 3) the claim is a charge for royalties on phonograph records and tapes in excess of the amount due on the contract.[1]

At the time the contract was operative, RCOA was a mail order retailer of phonograph records and tapes.[2] It advertised numerous offers to increase its record sales. Under the terms of some of the offers, records were distributed free or at a nominal charge to members or potential members of the record club as an inducement to purchase records. The issue presented is whether the contract between RCOA and Polydor obligated RCOA to pay royalties on the records that were distributed free or at a nominal charge.

The contract provides in part that:

Record Club shall have the right to distribute on a bonus or free basis without payment of royalty up to one-half of the aggregate of all Licensed Albums sold or otherwise distributed ... All Licensed Albums which may be distributed on a bonus or free basis in excess of such amount shall be treated as "sold" ... Albums distributed on a bonus or free basis shall include, without limitation, Albums which are distributed without charge or for one dollar or less to members or prospective members of a club. . . .

### FINDINGS OF FACT

1. RCOA is a mail order retailer of phonograph records.

2. RCOA manufactured and distributed the recordings of many different companies, one of which was Polydor.

3. By contracting with Polydor, RCOA obtained the right to distribute Polydor's recordings in exchange for RCOA's payment of record royalties as specified in the contract.

4. Polydor's claim for $300,064.00 is without factual foundation.

5. Only two of RCOA's numerous offers to sell records provided that an individual could become a lifetime member of the record club: by paying $5.00 and receiving 5 free records; by paying $10.00 and receiving 10 free records; by paying $15.00 and

---

1. RCOA's fourth objection to Polydor's claim has been severed for separate trial.

2. As used hereinafter, the term "records" will be used to indicate "records and tapes."

receiving 15 free records; by paying $20.00 and receiving 20 free records; or by paying $25.00 and receiving 25 free records. These two offers are embodied in RCOA's exhibit #'s 15 and 16.

6. Only 92,000 to 95,000 of the 5,200,000 members of RCOA joined the record club pursuant to the membership offers embodied in RCOA exhibit #'s 15 and 16.

7. Polydor failed to prove the number of Polydor records that RCOA distributed under the offers embodied in RCOA exhibit #'s 15 and 16.

8. An individual who received records from RCOA was obligated to pay a mailing and handling fee on each record. Fees ranged from 40¢ in April of 1973 to 50¢ in July of 1974.

9. The parties stipulated that RCOA owes Polydor a minimum of $20,000 in royalty fees on records classified as royalty-bearing by RCOA for which no payment has been made.

## DISCUSSION

The essence of this dispute is Polydor's assertion that all the records denominated by RCOA as "free and bonus" are improperly classified within the meaning of the contract. If true, this would require RCOA to pay royalties on these recordings.

Polydor's proof of claim constitutes prima facie evidence of its claim, thus requiring the bankrupt to come forward with sufficient evidence to refute Polydor's claim thereby shifting the evidential burden to Polydor. Bankruptcy Rule 301; *Whitney v. Dresser*, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1905). RCOA has done this through the submission of its own royalty accounting records. Once the prima facie effect of the proof of claim is overcome, the claimant must carry the burden of proving his claim. *Whitney*, supra; *In Re Friedman*, 436 F.Supp. 234, 237 (D.Maryland 1977).

Polydor's claim that all records distributed under the contract were "sold" (royalty bearing) is supported by two of RCOA's advertising offers made in 1973 and 1974. These offers are embodied in RCOA exhibit

#'s 15 and 16, and are detailed in Finding of Fact # 5, supra. An individual who received records from RCOA was also obligated to pay a mailing and handling fee on each record ranging from 40¢ in April of 1973 to 50¢ in July of 1974. Polydor argues that the only difference between a $5.00 lifetime membership and a $10.00 lifetime membership is the receipt of five additional records at a cost of $1.00 each. Polydor also argues that the same result occurs if one compares the relationship of the $5.00 lifetime membership to the $15.00, $20.00 or $25.00 lifetime memberships. Polydor contends that this alleged per record cost of $1.00 is increased beyond $1.00 when the mailing and handling fees are added. Under the terms of the contract RCOA is obligated to pay royalties on all records distributed at a cost in excess of $1.00.

It is unnecessary for this court to determine whether the merchandizing offers described entail a per record charge in excess of one dollar within the meaning of the contract. The merchandizing offers in issue were only two of the many offers used by RCOA. Only the records distributed under these two offers were arguably sold at a cost in excess of one dollar. Polydor has failed to meet its burden of proving the number of Polydor records that were sold under these two offers.

Polydor's only remaining claim against RCOA is for payments on records and tapes classified as royalty-bearing by RCOA for which no payment has yet been made. The parties have stipulated that the amount due is $20,000.

## CONCLUSION OF LAW

Polydor's allowable claim against the bankrupt estate is limited to $20,000, the agreed minimum obligation.

## ORDER

AND NOW, this 18th day of February, 1982, the allowable claim of Polydor Incorporated against the estate of Record Club of America, Inc., is determined to be in the sum of $20,000 and is allowed in that amount.