## In re FELTER, PARK & Co., Bankrupts.

*(District Court, D. New Jersey. July 22, 1881.)*

1. FRAUD — UPON WHOM IS THE BURDEN OF SHOWING — CREDITOR'S CLAIM DULY PROVEN.

    The burden of showing that a creditor's claim, duly proven according to the provisions of the bankrupt act, is founded in mistake or fraud, lies upon the assignee or the creditor attacking the proof. After such proof the claim is, *prima facie*, good.

2. REGISTER—DECISION OF, REVERSED.

    A register's decision in favor of a whole claim as proved will be reversed when the evidence is undoubted that one item of the claim had been paid in full.

*John W. Taylor*, for creditor David Torrens.

*P. & D. Mitchell*, for assignee.

NIXON, D. J. This case comes before me on the petition of Daniel Adams, the assignee of the above-named bankrupts, to reverse the decision of the register, who has allowed the proof of debt of David Torrens, a creditor. Said proof was filed September 25, 1877, claiming that there was due from the bankrupt's estate the sum of $13,165.39. The assignee objected to the proof, and petitioned that the same might be expunged and disallowed. A large amount of testimony was taken before the register; and on the first of February, 1881, he reported to the court that after deliberate consideration he was of the opinion that the evidence offered by the assignee was not sufficient to warrant him in reporting adversely to the proof, and he recommended that the same be affirmed, and admitted to its proper dividend out of the estate of the bankrupts. This report was accompanied by the register's certificate that his decision was made in pursuance of an agreement made before him by and between the attorneys of the assignee and of the said creditor Torrens, respectively, and by their request that he should examine and decide the matter, instead of requiring the parties to form an issue to be certified into the court for determination, under general order No. 34.

Upon filing the register's report each party applied for a rule,—the creditor, for the assignee to show cause why the

report should not be confirmed; and the assignee, for the creditor to show cause why it should not be reversed, and a hearing had by the court upon the evidence taken in the case. As there seemed to be a misundestanding between the respective counsel in regard to the oral agreement entered into before the register,—on the one side insisting that it was the intention of the parties that the decision of the register should be final, and the other, that it was to be interlocutory and subject to review by the court,—I deemed it proper to take the latter view and give the parties a rehearing upon the testimony. I was moved to this course by several considerations:

(1) Because the stipulation or agreement was oral, and not reduced to writing and signed by the counsel; (2) because its meaning, as stated by the register, was neither definite nor clear; (3) because the register reported in favor of the whole claim as proved, although the evidence was undoubted that at least one of the notes proved against the estate, to-wit, the note of Chase & Locke for $225, and protest fees and interest, for the payment of which the bankrupts were secondarily liable, had been paid in full by the makers and ought to have been deducted; and (4) because of the wide discrepancy which appeared upon the face of the proceedings in bankruptcy between the amount of the proof of claim excepted to and a former proof of claim filed by the said Torrens, as one of the petitioning creditors, on the third day of July, 1877, against the said bankrupts.

After an examination of the testimony and consideration of the argument of counsel, I have reached the conclusion that I am not warranted in reversing the decision of the register, except as to the amount of the Chase & Locke note. There were, doubtless, circumstances of suspicion growing out of the dealings of the creditor and the bankrupts sufficient to justify the assignee in petitioning to have the claim expunged. One of these was the mutilation by the bankrupts of their books of account, which embraced the record of the dealings of the parties. If there had been evidence in anywise connecting the creditor with the fact of this mutilation, or with a knowledge of it, I should have been most reluctant to recognize the justice and truth of his claim; but the weight of the testimony fails to fasten upon him the responsibility of the act, or any connivance with the guilty parties who perpetrated it.

A creditor's claim, duly proved according to the provisions of the bankrupt act, is, *prima facie*, good. The burden of showing that the claim is founded in mistake or fraud, lies upon the assignee or the creditor attacking the proof. I think he has failed in this respect, in the present instance, except in the amount of the Chase & Locke note, as before stated.

Under the circumstances, the proper order to be entered is that the register's decision be reversed; that the proof of claim be expunged; and that the creditor have leave to put in new proof, after deducting the amount of the Chase & Locke note, and that no costs be allowed to either party