## In re DRESSER et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1905.)

### No. 96.

1. BANKRUPTCY—CLAIMS—WRITTEN INSTRUMENTS—FAILURE TO FILE.

Failure to file a written instrument, the basis of a claim against a bankrupt's estate, as required by Bankr. Act, § 57b (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), or to attach the same to the proof of claim, does not raise a presumption against the existence of the writing.

2. SAME—STATUTE OF FRAUDS.

Where securities had been loaned by a claimant to D., who pledged them to secure loans, and thereafter the bankrupts, a firm of which D. was a member, took over his entire property, including claimant's securities, and the moneys obtained from the loans, and assumed all his liabilities, the benefits derived from claimant's property were thereby transferred to the bankrupt firm, constituting a new consideration to support its original promise to return or account for the securities, which was therefore not within the statute of frauds.

**8. SAME—PROOF OF CLAIM—VALIDITY—PRIMA FACIE EVIDENCE.**

Under Bankr. Act July 1, 1898, c. 541, § 57 "a," "b," "d," "f," 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], requiring verified proof of claims against a bankrupt's estate, and declaring that claims which had been duly proved should be allowed on presentation to the court, unless objected to, or unless their consideration is continued for cause, etc., the proof of a claim valid on its face, and properly verified, is prima facie evidence of the indebtedness of the bankrupts thereon, sufficient to justify an allowance of the claim, unless disproved by evidence, the probative force of which is equal to or greater than that offered by the claimant.

Appeal from the District Court of the United States for the Southern District of New York.

See 124 Fed. 915.

This is an appeal by the trustee of the above-named bankrupts from an order of the District Court of the Southern District of New York, affirming the decision of the referee in bankruptcy which dismissed the objections of the trustee to the proof of claim filed by Emma B. Dresser and allowed the said claim. The claim was filed originally August 26, 1903. January 21, 1904, the trustee filed objections. March 3, 1904, the claimant filed an amended proof of claim. No objections were filed to the amended proof. It is, however, conceded by all that the objections filed to the original proof were considered as applying to the amended proof although there is no stipulation to this effect appearing in the record. The amended proof of claim alleges that the bankrupts composing the firm of Dresser & Co., were at and before the filing of the petition in bankruptcy and still are indebted to the claimant in the sum of $88,145. That the consideration for this debt was as follows: Prior to May, 1896, the bankrupt Dresser and his then partner E. R. Goodrich requested claimant to loan said copartnership of Dresser & Goodrich certain securities (which are described), for the purpose of enabling said firm to borrow money thereon and for other purposes. That these securities were deposited by Dresser & Goodrich as collateral for loans, the proceeds of which were turned over to the said firm and used by it. That in May, 1896, the firm of Dresser & Goodrich was dissolved, the bankrupt Dresser succeeding to the business, taking all its assets and assuming all its liabilities, including the debt due to the claimant. That this transfer was made at the request of Dresser with the knowledge and consent of claimant, Dresser assuming the liability of the firm of Dresser & Goodrich for a return of the said securities, the proceeds of the loans for which the securities were pledged having been turned over to Dresser and used by him in his business. That in May, 1897, the copartnership between the bankrupts was formed under the name of Dresser & Co., which succeeded to the business of Dresser, taking all his assets and assuming all his liabilities including claimant's said claim against him. That at the request of Dresser & Co., and with the consent and knowledge of claimant, the liability of Dresser for a return of said securities to claimant was assumed by Dresser & Co., the proceeds of the loans being used by the firm in its business. The proof of claim proceeds to state in detail the amounts of the loans for which the claimant's securities were deposited as collateral and the value of such securities on March 7, 1903, when the petition in bankruptcy was filed. The proof concludes with the statement that no part of the debt has been paid, that there are no set-offs or counterclaims and that there is no security of any kind for the said debt.

The objections of the trustee, which it will be remembered relate to the original and not to the amended proof, are, in substance, as follows: First, that it appears on the face of the proof that the claimant's securities were loaned to Dresser individually and not to Dresser & Co. Second, that the debt is unliquidated, the proof showing certain equities, the amount of which is unknown. Third, that if claimant is a creditor of Dresser & Co. for any amount it is only to the extent of the moneys actually received by the said firm as the proceeds of loans. That the amount of the said loans is not stated, and, therefore, the amount of the said debt cannot be liquidated. Fourth, that the value of the securities as set forth in said proof is in excess of their

actual value. Fifth, that the securities alleged in said proof of claim were loaned to Dresser individually and not to the firm of Dresser & Co., and claimant is, therefore, not entitled to prove said claim against the firm of Dresser & Co., or share in the assets of the firm until all the firm creditors have been paid in full.

Upon the issue thus framed the trustee assumed the burden and introduced evidence tending to show that the loans in question were negotiated by and the proceeds delivered to Dresser. There was nothing to show that the proceeds did not go into the firm business, indeed the indorsement of Dresser & Co. on one of the checks for $35,000 indicates that it was deposited to the credit of the firm and was used in the firm's business.

At the close of the trustee's testimony claimant's counsel moved to strike out the objections and allow the claim. After consideration the motion was granted, the referee ruling that "the verified amended proof of claim filed by the claimant is, on its face, prima facie proof of the indebtedness of Dresser & Co. to claimant and the testimony taken herein is insufficient to rebut such proof."

Upon certificate to the District Judge the decision of the referee was affirmed and the trustee appealed to this court.

The assignments of error are substantially as follows: That the court erred (1) in allowing the claim of Emma B. Dresser; (2) in not adjudging the claim insufficient upon its face; (3) in not adjudging that the proof and objections raised an issue as to which the burden was on the claimant; (4) in that it did not adjudge that the prima facie effect of said proof of claim was met by the testimony offered; (5) in that the judgment was contrary to the evidence.

There is no question as to the value of the securities or the amount of the claim, the trustee conceding that it is a valid claim against the individual estate of the bankrupt Dresser.

George H. Gilman, for appellant.
Adrian H. Joline, for appellees.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge (after stating the facts). Several of the objections urged against the original proof were obviated by the amended proof, and it is manifest that the issue now arises on the amended proof and objections thereto. It is, at least, doubtful whether the objections are sufficient to present any of the questions now discussed, but as the point has not been seriously pressed we shall regard them as presenting fairly the following questions:

First. Does the amended proof, upon its face, state a claim against Dresser & Co.? And

Second. Is it prima facie evidence of the indebtedness as therein stated?

It is contended by the appellant that the agreement of the firm of Dresser & Co. to be valid must be in writing, and as no written agreement is filed with the proof, pursuant to section 57b of the law (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), it must be presumed that no such writing exists and, therefore, the proof is invalid on its face. The paper is, no doubt, evidence to establish the allegations of the proof of claim, but failure to plead it raises no presumption against its existence. Non constat the writing which the appellant considers necessary may be in the possession of the claimant to be produced when an issue is presented requiring its production.

But the transaction is not, we think, within the statute of frauds. In Booth v. Eighmie, 60 N. Y. 238, 19 Am. Rep. 171, the court says:

"The test to be applied under the statute in every case, is whether the party sought to be charged is the principal debtor primarily liable, or whether he is only liable in case of the default of a third person; in other words, whether he is the debtor or whether his relation to the creditor is that of surety to him for the performance, by some other person, of the obligation of the latter to the creditor."

In Bank v. Chalmers, 144 N. Y. 432, 39 N. E. 331, the court says:

"Wherever the facts show that the debtor has transferred or delivered to the promisor, for his own use and benefit, money or property in consideration of the latter's agreement to assume and pay the outstanding debt, and he, thereupon has promised the creditor to pay, that promise is original upon the ground that by the acceptance of the fund or property under an agreement to assume and pay the debt the promisor has made that debt his own, has become primarily liable for its discharge, and has assumed an independent duty of payment irrespective of the liability of the principal debtor."

See, also, as bearing on the question involved: Hendrick v. Lindsay, 93 U. S. 143, 23 L. Ed. 855; Johns v. Wilson, 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613; Barlow v. Meyers, 64 N. Y. 41, 21 Am. Rep. 582; Coster v. The Mayor, 43 N. Y. 399.

The language quoted above is applicable to the present situation. The bankrupts took over the entire property of Dresser, including the claimant's securities and the moneys obtained from the loans, and assumed all his liabilities. The benefits to be derived from the claimant's property were transferred to the firm and this constituted a new and sufficient consideration to support its promise and obligation to return or account for the securities. The averments of the proof leave no doubt as to the true nature of the transaction. The claimant has lost the possession of her securities, the bankrupts took them, obtained money thereon, which they used in their business, and agreed to return them to the claimant.

There is some obscurity in the allegation that the money derived from the loans was turned over to the bankrupts, but it is evidently due to a clerical omission, and is not fatal to a document which need not necessarily conform to the strict rules of pleading. The amended proof of claim being properly verified and valid upon its face is prima facie evidence of the indebtedness of the bankrupts.

We are dealing here with a statute the primary object of which is to collect the property of the bankrupt speedily and divide it equally among his creditors. Analogies drawn from pleadings in actions at common law and in equity furnish little assistance in the interpretation of such a law. If the doctrine be once established that a proof of claim in bankruptcy is entitled to no greater weight than a complaint in an ordinary action at law the most serious results will follow. Any vindictive or contumacious creditor can, by filing objections, compel creditors to come from distant states and even from foreign countries to testify in support of their claims before a word of testimony impeaching their validity has been adduced. No one disputes that in the absence of objection the proof of claim stands as sufficient warrant for the payment of a dividend based thereon. It is not then a mere pleading, confessedly it possesses some probative force. This being

so it is not easy to approve the logic which deprives it of all weight as evidence upon the mere filing of an objection. If the appellant's contention be sustained an efficient administration of the law might, as we have seen, be made difficult, if not impossible. We see no reason or necessity for such an interpretation of the law. On the other hand a construction which requires the objector to offer some proof before subjecting the creditor to the expense and annoyance of presenting sustaining evidence seems to be in accord with the intent and purpose of the act and to present a simple, efficient and perfectly fair rule of procedure. In a vast majority of instances the claims of creditors are susceptible of the most simple verification. The trustee has the bankrupt's books at his disposal and can at any time call upon the bankrupt for assistance. In cases where exaggerated or fraudulent claims are filed there is no difficulty in ascertaining and proving facts sufficient to establish the true character of the claim, thus putting the claimant upon his proof.

The subject was carefully examined in Re Sumner (D. C.) 101 Fed. 224, and the conclusion was reached that under section 57 "a," "b," "d," and "f" of the act the objector, though not required to disprove the claim, must produce "evidence whose probative force shall be equal to, or greater than, the evidence offered in the first instance by the claimant." This, we think, is a correct statement of the law and is in accord with general order 21 (6), 89 Fed. x, which seems to indicate that the claim must stand until evidence has been adduced which authorizes the referee to expunge or reduce it. See, also, In re Shaw (D. C.) 109 Fed. 780.; In re Felter (D. C.) 7 Fed. 904.

The order of the District Court is affirmed.