LAFFOON et al. v. IVES et al.

(Circuit Court of Appeals, Ninth Circuit. February 17, 1908.)

No. 1,480.

1. BANKRUPTCY—CLAIMS—DISALLOWANCE—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain an order disallowing and expunging claims of stockholders of a bankrupt corporation for money alleged to have been advanced and expended for the corporation.

2. SAME—REHEARING.

Where, after claims of stockholders of a bankrupt corporation for money alleged to have been advanced to and expended for the corporation had been disallowed and expunged, a rehearing was granted upon the assurance of one of them, as attorney for the other, that the other, the principal claimant, would be present and submit to examination, and he did not appear, though ample notice of the rehearing was given, and his absence was not satisfactorily explained, the former order rejecting and expunging the claims was properly reaffirmed.

Appeal from the District Court of the United States for the Western Division of the Western District of Washington.

Upon Petition for Revision under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431].

Edward E. Cushman, for appellants and petitioners.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellants and petitioners complain of an order of the District Court rejecting and expunging certain claims filed by them against the Greek Boys Mining Company, a corporation, bankrupt. The Greek Boys Mining Company was organized in the state of Washington in May, 1902, with a capital stock of $1,000,000, divided into 200,000 shares, of the par value of $5 each. The incorporators and trustees were W. J. Sutherland, M. L. Clifford, R. F. Laffoon, H. B. Brokaw, and R. C. Callahan. W. J. Sutherland was elected president, M. L. Clifford vice president, and R. F. Laffoon secretary. Each of the trustees subscribed for 1 share of the capital stock of the corporation and paid for the same at par value. At a meeting of the trustees of the corporation held in June, 1902, Sutherland offered to sell to the company certain mining properties situated in the Berner's Bay mining district in Alaska for 199,995 shares of the capital stock of the corporation. The offer was accepted; Sutherland, as a member of the board of trustees, not voting on the proposition. Charles H. Pearce, one of the appellees herein, was appointed resident agent at Juneau, Alaska, and subsequently superintendent of the company's property in Alaska. The work of developing the property of the company was continued during the working seasons of each year until the year 1905, when Pearce, after a service of three years, left

the company's employment and brought suit in the state of Washington against the company for salary as superintendent, and recovered a judgment in the sum of $3,532 and costs. The recovery of this judgment resulted in the commencement of involuntary proceedings in bankruptcy against the said corporation on May 9, 1906, and an adjudication of bankruptcy on June 13, 1906. The case was referred to Warren A. Warden, a referee in bankruptcy, to take further proceedings therein as required by the acts of Congress relating to bankruptcy. Among the claims filed against the bankrupt corporation was one by R. F. Laffoon, claiming to be a creditor in the sum of $668.94, for money advanced and expended by him in behalf of the bankrupt corporation. Another claim filed was by W. J. Sutherland, claiming to be a creditor in the sum of $10,000 for money expended by him in behalf of the bankrupt corporation. Objections were made to these claims on the grounds, among other things, that the proofs were defective, and that the subject-matter of the claims was vague and defective to such an extent that the trustee could not determine whether they consisted of legal or equitable claims against the estate; that the claim of Sutherland was based upon expenditures made in his own behalf, and not in behalf of the corporation; that it did not appear that Sutherland was authorized to make expenditures in behalf of the corporation bankrupt, or incur any indebtedness in its behalf; that Sutherland was president and Laffoon secretary, and both directors and trustees, of the corporation; that in accordance with the laws of Alaska the trustees of the corporation did, in February, 1905, file with the clerk of the United States District Court for Division No. 1 in Alaska an annual statement under oath as to its then existing condition; that said statement set forth that the said corporation had no debts or other obligations, except salaries unpaid, amounting to about $3,000; that by reason of such statement both claimants were estopped to assert the claim of indebtedness which they had attempted to prove in the proceeding.

At the first meeting of the creditors held by the referee on July 10, 1906, and continued on July 17th and September 18th, testimony was taken with respect to the claims against the bankrupt. It appears that W. J. Sutherland was notified by R. F. Laffoon, Sutherland's attorney in fact, of the meeting of July 17th and requested to be present. He received this notice at Vancouver, British Columbia, on July 16th, and on the same day wrote a letter to the referee in which he said:

"I have not been served with any notice or order of any kind, and will not be able to appear in person in your court on said date, nor, in all probability, at any future date; but I write to assure you that I am ready to submit to any examination touching the matters in said bankruptcy proceedings in the city of New York or in London. My address will be at 68 William street, New York, and at 39 Lombard street, London, E. C., England. Should you consider it necessary to appoint a commission to take my testimony, and you notify me of the appointment, I will present myself for examination. When I return to New York and London I will look up such documents and papers that I may have touching the affairs of the Greek Boys Company, and I will deliver the same if required. Before that time I would be unable to render you much assistance in the proceedings, as my papers are in one or the other of those places. Mr. Laffoon can explain to you the reasons why I cannot appear to you at the present time."

The objections to the claims of Sutherland and Laffoon were sustained by the referee. The claims were accordingly disallowed, and ordered expunged from the trustee's records. Upon petitions of Sutherland and Laffoon the rulings, decisions, and orders of the referee respecting the claims were certified to the District Court for review. Upon a hearing before the court a memorandum decision was made by the court that the rulings, decisions, and orders of the referee with respect to these claims should be affirmed, on the ground that the claims were for money advanced to the company or expended for its benefit, and there was no clear or satisfactory evidence that any money was expended; that with respect to the Sutherland claim, while he claimed to be a creditor of the company to the amount of $10,000, his individual conduct justified a strong inference that he was not a bona fide creditor. The court also referred to the fact that while the contest for his claim was pending before the referee he took the pains to write a letter from Vancouver, British Columbia, saying that he had been notified of the time and place for investigating his claim; that he could not make the journey from Vancouver to Tacoma, but would arrange to be in attendance for the purpose of giving information upon the subject at the city of New York or London, England. The court was of opinion that this treatment of the referee's notice indicated that, for reasons of his own, he was keeping beyond the reach of judicial process. The court was also of opinion that, assuming that all or some part of the amount claimed was in fact expended, the bankrupt company was under no obligation therefor, because the expenditures, if made, were for the purpose of perfecting the title to mining claims which Sutherland was obliged to convey to the company clear of liens in consideration of stock that was issued or to be issued to him.

Petitions were thereupon filed for a rehearing and for leave to file amended claims, and that the same be referred to Warren A. Warden, a special master, to take testimony therein and report the same to the court, together with his findings thereon. An amended claim of W. J. Sutherland, with items in detail in the sum of $7,000, and an amended claim of R. F. Laffoon, also with items in detail in the sum of $668.74, were thereupon filed. The hearing of the claim coming up before the special master, the special master announced that there were no funds of the bankrupt in the hands of the trustee to meet any expenses or costs that might be incurred in the matter of taking testimony before him or for the services of the special master or the stenographer. The special master thereupon required that a deposit of $200 should be made to cover all possible expenses. Claimants offered to deposit $50, and additional amounts from day to day. The referee inquired if Mr. Sutherland was present and ready to submit himself for examination. The referee was informed that Mr. Sutherland was not within the jurisdiction of the court; but it was stated, and not denied, that at the time the motion for a rehearing was granted, the attorney for petitioners stated in open court that, if the petition were granted and the rehearing allowed, he was authorized by Laffoon, the attorney for Sutherland, to say that Sutherland would be present and submit himself for examination. Thereupon the special master announced that he would refer the entire matter back to the District Court for such

further determination as the district judge might make. The referee accordingly reported the proceedings to the court and asked for instructions. A hearing was had upon the report of the special master, and on March 26, 1907, it was ordered that the former order of the court rejecting and expunging the claims of Laffoon and Sutherland be affirmed, and the referee directed to expunge the claims from the list of creditors in the cause.

We find no error in the proceedings. The opinion of the court upon the first hearing, affirming the order of the referee disallowing the claims of Sutherland and Laffoon, and expunging them from the record, was fully justified by the evidence. The rehearing was granted, and the reference to the special master made, upon the assurance of Laffoon that his principal, Sutherland, would be present and submit to examination. The reference was made on September 18, 1906. The special master gave notice of the rehearing February 15, 1907, and fixed the date of the rehearing for March 1, 1907, thus giving the petitioners abundant time to appear and present their proofs. The rehearing was called before the special master on March 1st; but Sutherland was not present, and no satisfactory explanation made of his absence. There was here evidence of a lack of good faith on the part of the petitioners, and we think that under such circumstances the court was justified in directing that the former order of the court, rejecting and expunging the claims, should be reaffirmed.