**In the Matter of ESTRADA'S MARKET and Estrada's Department Store, Bankrupt.**
**No. 12877.**

United States District Court
S. D. California, N. D.
Aug. 1, 1963.

Francis C. Whelan, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, Thomas H. McPeters, Herbert

**254**

D. Sturman, Asst. U. S. Attys., Los Angeles, Cal., for petitioner.

Robert L. Williams, Bakersfield, Cal., for respondent.

CROCKER, District Judge.

This matter came on for hearing on the Petition of the District Director of Internal Revenue for Review of the Referee's Order of February 12, 1963, Herbert D. Sturman, Assistant United States Attorney, appearing for Petitioner; Robert L. Williams, Esq., appearing for the Respondent Trustee; and the matter was submitted to the court for decision on the basis of the record, briefs and oral argument of counsel.

There were no detailed findings of fact made by the Referee, his "findings" comprising, in essence, a repetition of his Conclusions of Law, but insofar as they appear from the record, the facts upon which this review can be based are simple and not in dispute.

On August 14, 1961, the Bankrupt filed a voluntary petition which resulted in adjudication shortly thereafter.

On January 22, 1962, the Internal Revenue Service filed a Proof of Claim for unpaid taxes, penalties, lien fees and interest.

Claims were also filed by the State of California, Department of Employment; by the State of California, State Board of Equalization; and by J. Perry Brite, Kern County Tax Collector.

On January 17, 1963, on petition of the Trustee, the Referee issued an Order to Show Cause requiring each of the above-named claimants to appear on January 31, 1963;

"* * * to show and establish which of their Claims filed herein are Prior Tax Lien Claims and which of their Claims filed herein are General Prior Tax Claims, and to determine the exact amount of Prior Tax Lien Claims filed herein, and also the exact amount of General Tax Claims filed herein, and further to show and establish what penalties are to be deleted from said Claims."

On January 31, 1963, the District Director of Internal Revenue filed an amended Proof of Claim which eliminated all claims for penalties together with the interest thereon. There remained lien claims totaling $5,682.11 and general tax claims totaling $1,321.35.

The claim was submitted on a standard printed form utilized by the Internal Revenue Service. It shows the kind of tax and the period for which it is due, a reference number for each item, the amount of tax and the amount of interest due, the date the tax lien arose (synonymous with and a shortcut method of saying "the date on which the assessment was made") and "remarks." On the Claim involved here, under "remarks" is shown the date and the place where the lien was filed.

Also, on January 31, 1963, the District Director filed an "Answer" to the Order to Show Cause with a copy of the amended Proof of Claim attached as an exhibit, but he did not appear at the hearing held that day. Neither did J. Perry Brite appear on behalf of Kern County. The State Department of Employment and the Board of Equalization both made appearances through the same Deputy Attorney General.

On February 12, 1963, the Order of the Referee was filed in which, after noting the "default" of the Internal Revenue Service and J. Perry Brite, all Claims were allowed as filed, except for those of the Internal Revenue Service. With respect to the latter, the Referee concluded that there was "a general priority tax claim in the sum of $6,098.36 and * * * no lien on any of the funds in the hands of the Trustee." Thus, in addition to disallowing any of the Service's claim as a lien claim, the Referee appears to have disallowed the claim for six dollars for lien fees, and of the Service's general tax claim, the Referee disallowed $899.10, comprising claims for Federal Unemployment Taxes for 1960 and 1961, with interest.

The Referee filed no memorandum of decision, nor is his Order enlightening as to the reasons which underlie his deci-

sion, but his "Certificate and Report" on this Petition for Review indicates that the rulings adverse to the Service resulted solely from the fact that "Petitioner failed to appear at the time of the hearing and offered no evidence to establish the facts alleged in his answer * * *."

The major question certified by the Referee is, "Do allegations in the pleadings or petition establish themselves as facts in the hearing where no appearance is made at the time of the hearing and no evidence is offered to establish the said facts alleged in the petition."

■ An answer to part of this question is to be found in the landmark case of Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906), which held that a Proof of Claim (to which it is assumed the Referee here refers when he mentions "Petition") is prima facie evidence of the claim and shifts upon an objector to the claim the burden—not of proof—but of going forward with evidence to rebut the evidence of the claim.

Since the Service's Proof of Claim was on file and also attached as an exhibit to its Answer, it cannot be gainsaid that there was prima facie evidence of its claim before the Referee at the time of the hearing on the Order to Show Cause.

This raises the further question of whether, despite such evidence, the Referee should disallow a claim because the claimant fails to appear for examination.

Remington on Bankruptcy answers this question unequivocally in the negative. 2 Remington, p. 503. Collier's tells us that the "scant authority" available would not seem to justify a disallowance for failure to appear. 3 Collier on Bankruptcy, Section 57.18[5], p. 273.

Laffoon v. Ives, 159 F. 861, 9 Cir., 1908, cited by Collier's, is a case where aggravating circumstances, coupled with the failure of the claimant to appear, were held to justify disallowance of the claim by the referee.

Here, no aggravating circumstances appear. Furthermore, it cannot be ascertained from the record whether there was even any evidence offered which conflicted with the allegations of the Service's Proof of Claim. The Service, in its brief on this Review, alleges that no such evidence was given, while the Referee's Order states only that the Order was rendered after "oral and documentary evidence [had] been introduced * * *."

■ Even if there were conflicting evidence, however, the Proof of Claim would still be some evidence to be considered by the Referee. Nevertheless, the questions certified and some of the explanatory remarks contained in the Referee's Certificate and Report make it appear that the Referee gave consideration neither to the absence or presence of conflicting evidence, nor to the question of the credibility of the allegations contained in the Proof of Claim.

■ On the contrary, it seems that the Referee declined to treat the Proof of Claim as evidence at all merely because of Petitioner's failure to appear. This court is of the opinion that so to do, in the absence of aggravating circumstances, constituted an abuse of discretion on the part of the Referee.

To hold otherwise would make it possible for the Trustee, by the simple use of an order to show cause, to shift back upon the claimant the burden of going forward with evidence to sustain his claim—the very thing that Whitney v. Dresser, supra, held could not be done by the filing of purely formal objections.

It seems clear, thus, that at least insofar as the general claim of $899.10 for Unemployment Taxes for 1960 and 1961 is concerned, the claim should not have been disallowed in its entirety. The Proof of Claim constituted prima facie evidence of the claim. Whitney v. Dresser, supra; Bankruptcy Act, Section 57, sub. a, 11 U.S.C.A. § 93, sub. a.

It was incumbent upon the Trustee to show that the Bankrupt had made contributions to the state unemployment fund or was liable for contributions to such fund in order to be eligible for the credit against the federal tax which is

granted by Section 3302 of the Internal Revenue Code of 1954.

In any event, such a credit against the federal taxes is limited to 90 per cent, and where funds available are insufficient to pay both the federal and state claims in full, distribution can be made in accordance with the formula approved by the Supreme Court in United States v. State of New York, 315 U.S. 510, 62 S. Ct. 712, 86 L.Ed. 998 (1942). See 6 Remington, p. 413, et seq. It was error to disallow this part of Petitioner's claim in its entirety.

What has already been said with respect to the standing of a proof of claim as prima facie evidence would have seemed to be dispositive also of the question of the Referee's disallowance of Petitioner's claim of lien to the extent of $5,682.11, but in relation to this Respondent has made the following interesting arguments:

1. Demand is a condition precedent to the existence of a perfected lien under Internal Revenue Code, Sections 6321–6323, and there is no evidence that any demand was ever made.

2. There is no evidence that any lien was ever recorded.

3. There is no evidence that an assessment was made.

■ The first argument is put to rest by In re Fidelity Tube Corporation, 278 F.2d 776, 3 Cir., 1960, where, in the only case which appears to have dealt with the issue as it is presented here, the Court sitting en banc, with two judges dissenting, held that the filing of the Proof of Claim is itself sufficient demand and that upon such demand the lien relates back to the date of assessment.

The basic issue underlying the latter two arguments is brought into focus by Respondent's supplemental memorandum filed on the day of the hearing on this Review. In it the proposition is advanced that, although the Proof of Claim is prima facie evidence of the claim itself, it is not evidence of collateral matters such as the existence of a lien or priority.

This proposition derives essentially from two lines of precedent beginning with In re Jones, 151 F. 108, D.C.W.D. Mich. (1907) and Weekley v. Oil Well Supply Co., 12 F.2d 539, 4 Cir. (1926), both of which found it necessary to distinguish the seemingly broad rule of Whitney v. Dresser, supra, on the ground that the latter dealt only with objections to general claims.

The argument which follows from the basic proposition thus seems to be that, even though the dates of assessment and the dates and place of filing the liens are set out as factual allegations in Petitioner's Proof of Claim, such allegations cannot be accepted as evidence of the existence of the Government's lien.

■ Before dealing with the broad issue involved here, it should be noted that whether or not the asserted lien of the Government was recorded is completely immaterial. Pursuant to Section 6323, Internal Revenue Code of 1954, failure to record a lien vitiates the validity of the lien only as against mortgagees, pledgees, purchasers or judgment creditors. None of these is actually involved here, and it is clear that the Trustee does not qualify as a judgment creditor within the meaning of Section 6323. United States v. England, 226 F.2d 205, 9 Cir.; In re Fidelity Tube Corp., supra; and see also Simonson v. Granquist, 287 F.2d 489, 9 Cir. (reversed on other grounds.)

■ The issue of whether or not allegations in a proof of claim are prima facie evidence of the existence of a lien, as well as of the general claim, does not appear to have been decided by the Ninth Circuit Court of Appeals, and after reviewing the reasoning of both the Supreme Court in Whitney v. Dresser, supra, and the Court of Appeals for the Second Circuit in In re Dresser, 135 F. 495, this court remains unconvinced that the distinction drawn by Weekley and In re Jones is a necessarily valid one.

Be that as it may, it is unnecessary here to go so far as to formally disagree with those cases, which have thus far

withstood the test of time, since even were it held that they properly express the rule which is applicable in this circuit insofar as bankruptcy claims in general are concerned, it seems clear that claims of a statutory lien for taxes, such as the one presently under consideration, must be held to fall into an exceptional category.

The effect of a contrary holding would be to make it necessary for representatives of the Government on the strength of purely formal objections, or as in the present case, an order to show cause, without notice of any specific objections, to appear at hearings to present oral or documentary evidence of undisputed facts which are a matter of public record, and which evidence, in any event, could easily be attached as exhibits to the proof of claim.

A practice which would thus place unnecessary obstacles before the Government in its attempt to assert an existing lien would be inconsonant with the intent of Congress to give the United States maximum assistance in collecting revenues.

This intent is embodied in the lien laws set out in Sections 6321–6323 of the Internal Revenue Code of 1954, and in In re Fidelity Tube Corp., supra, was held to prevail over the conflicting policy of increasing the size of a bankrupt's estate available to unsecured creditors, as expressed by Section 70, subsection c, and other sections of the Bankruptcy Act.

In Fidelity Tube, as previously noted, any standing a bankruptcy trustee might have as a judgment creditor was held not to apply within the meaning of Sections 6321–6323. And in the same case, in keeping with the above-mentioned Congressional intent, the task of collecting the revenue was further aided and facilitated by the court's holding that filing of the proof of claim is sufficient as a "demand" within the meaning of the tax lien statute.

That the allegations in the proof of claim should be considered as evidence of the existence of a tax lien is the implicit rule of Massachusetts Bonding & Ins. Co. v. State of New York, 259 F.2d 33, 2 Cir. (1958).

In that case, which would seem finally dispositive of the present one, the Court of Appeals found that a lien for taxes existed in favor of the Government, even though the theory of a lien had been urged neither to the Referee nor to the District Court.

More important to our issue, the court founded the existence of such lien on the basis of facts alleged in the Government's formal claim.

For the present case, suffice it to say that since Petitioner included the dates of assessment in his formal proof, such dates were evidence before the Referee and should have been considered as establishing the lien of the Government unless satisfactorily controverted by other evidence or there were adequate reasons for doubting their credibility.

In Massachusetts Bonding, the Court noted that the Government had appended the assessment certificates to its brief on appeal, and while this was not a necessary factor to the decision therein, this court suggests that in future proceedings in this and other cases it would be the better practice for the District Director to append copies of the assessment lists to the proofs of claim.

But a rule which would require the District Director, or some representative, to attend and present such evidence in person at some hearing which is called as a mere formality and on the basis of no specific objections, would seem destructive of the convenient and expeditious administration of both the bankruptcy and the revenue laws.

It is therefore ordered that the Order of the Referee is reversed, and the matter remanded to the Referee for further proceedings not inconsistent with this opinion.