**In the Matter of William Thomas TYNER, Sr., indiv. and d/b/a Tyner Flooring Company, Bankrupt.**

**No. 15413.**

United States District Court
M. D. Georgia,
Macon Division.

Feb. 5, 1969.

Floyd M. Buford, U. S. Atty., Macon, Ga., for the Government.

A. Dale Albritton, Macon, Ga., for Bankrupt.

Fred H. Hodges, Jr., Macon, Ga., for Trustee.

BOOTLE, Chief Judge:

In this straight bankruptcy proceeding the trustee filed objections which may be likened to an old fashioned special demurrer to the form of the proof of claim filed by the Internal Revenue Service on the ground that "no supporting documents whatsoever are attached to said proof of claim and the trustee can not determine the validity of same." The proof of claim was filed on IRS form 2317 which is the usual form filed by the United States for internal revenue taxes in bankruptcy matters. This proof of claim identifies the debt as follows:

| "Kind of tax and period | Taxpayer's Identifying No. | | Remarks | Date tax Lien arose |
|---|---|---|---|---|
| Income—1966 Int. to 5–22–67 | 258–46–6449 | $ 203.17 1.25 | Lien filed 8–25–67 | 4–28–67 |
| WT –9–30–66 Int. to 5–22–67 | 58–0681971 | 1457.24 42.16 | Lien filed 5–18–67 | 2–17–67 |
| WT –12–31–66 Int. to 5–22–67 | " | 1554.01 28.67 | Lien filed 7–3–67 | 3–17–67 |
| WT –3–31–67 Int. to 5–22–67 | " | 1436.26 5.27 | Lien filed 6–19–67 | 6–9–67 |
| WT –6–30–67 | " | 747.14 | Lien filed 8–25–67 | 7–28–67" |

The entry "date tax lien arose" is synonomous with "date of assessment." 26 U.S.C.A. § 6322. The form also contains averments that the bankrupt is justly indebted to the United States, that no part of the debt has been paid, that there are no set-offs or counterclaims to the debt, that, aside from the statutory tax liens the United States does not hold any security for the debt, that the United States has received no negotiable instrument for the debt, and that there has been no judgment rendered with respect to the debt.

At the hearing on the objections the United States introduced as evidence an affidavit signed by the Director of the Service Center of the Internal Revenue Service in Chamblee, Georgia, which was admitted without objection. The affidavit states that the deponent is the custodian of the records of the IRS for the State of Georgia and that the records show that the bankrupt is indebted to the United States in specified principal amounts for specified quarters plus interest. The affidavit reiterates the figures found on the original proof of claim except that the column originally captioned "DATE TAX LIEN AROSE" is designated "Date of Assessment."

The manner of proving claims is given by section 57 of the Bankruptcy Act, 11 U.S.C. section 93. That Section provides in part as follows:

"(a) A proof of claim shall consist of a statement, in writing and signed by a creditor, setting forth the claim; *the consideration therefor;* whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor. A proof of claim filed in accordance with the requirements of this title, the General Orders of the Supreme Court, and the *official forms,* even though not verified under oath, shall constitute prima facie evidence of the validity and amount of the claim."

In view of this section of the Act and cases construing it, the Referee in the Decision and Order complained of on this

Petition for Review held that the consideration for the tax claim must be stated and that the consideration is the assessment. He therefore reasoned that to support the proof of claim the United States must either describe the assessments in detail or attach to the proof of claim a copy of the assessment certificate. The Referee ordered "that the claim of the United States for taxes shall stand disallowed unless the United States within 20 days from the date of this order, by amendment, fully and specifically describes the assessments relied upon or in lieu of this the United States may file with its proof of claim complete copies of the certificates of assessment." The question for this court to decide is whether the proof of claim filed by the United States is in proper form under the Bankruptcy Act.

The clear answer to this question is yes.

■ Although under a former General Order XXI proofs of claims were called "deposition[s] to prove claims," 3 Collier on Bankruptcy section 57.03, p. 124, n. 6, this historical nomenclature cannot obscure their true nature as pleadings. "Claims in bankruptcy must be liberally construed. They 'need not be pleaded with the technical accuracy required in a common-law declaration.'" Miles Corporation v. Lindel, 107 F.2d 729, 732 (8th Cir. 1939); *accord*, In re International Match Corporation, 69 F. 2d 73, 74 (2d Cir. 1934). The requirements of section 57 of the Bankruptcy Act and its supplementing General Order 21 relating to the preparation of proofs of claim are not *stricti juris* in the sense that slight deviations will be fatal. 3 Collier on Bankruptcy section 57.03, p. 123.

■■ Moreover we find here no deviation from those statutory requirements. While an assessment has the force of a judgment, Bull v. United States, 295 U.S. 247, 260, 55 S.Ct. 695, 79 L.Ed. 1421, 1427 (1935), it is not strictly speaking a judgment, and even if it were it need not be attached to the proof of claim. 3 Collier on Bankruptcy section 57.09, p. 173. The "consideration" for the indebtedness sufficiently appears as a matter of law and need not be further elaborated upon in the proof of claim. The proof alleges "The said debt is for taxes due under the internal revenue laws of the United States as follows * * *." "The tax assessment is consideration for the claim * * *." Paschal v. Blieden, 127 F.2d 398, 402 (8th Cir. 1942). "A tax is an exaction by the sovereign, and necessarily the sovereign has an enforcible [sic] claim against every one within the taxable class for the amount lawfully due from him." Bull v. United States, 295 U.S. 247, 256, 55 S.Ct. 695, 699, 79 L.Ed. 1421, 1427 (1935).

The extensive research conducted by the trustee and by the Referee has failed to reveal a single case or authority sustaining the ruling under review. That research on the contrary did disclose at least one case to the contrary, namely, In re Estrada's Market, 222 F.Supp. 253 (S.D.Cal.1963). That case, as we interpret it, holds that the very type of allegations found in proofs of claim such as those involved in the case *sub judice* are sufficient not only as a matter of pleading but also, by virtue of section 57(a) of the statute, constitute prima facie evidence both of the indebtedness and of the tax liens as well. The opinion in *Estrada* does go further and by way of dictum and suggestion says "this court suggests that in future proceedings in this and other cases it would be the better practice for the District Director to append copies of the assessment lists to the proofs of claim." 222 F.Supp. at 257. It seems that upon this suggestion the Referee based his ruling. We think *Estrada's* holding sound, its suggestion improvidently made. It is not the form of the assessment that is important; it is the fact of the assessment that matters, plus all the other detailed information disclosed articulately by this form. Experience teaches that important and protracted litigation is frequently conducted in the various courts without the

certified copies of the assessments with their seals and ribbons ever being produced. Their contents are usually stipulated. As a practical matter the production of such certified copies before the Referee would add little or nothing to the present proof of claim. The government's brief describes the situation as follows:

"Since the Referee refuses to accept the claim without the certificates of assessment, an appreciation should be had of the contents of those documents as currently in use by the Internal Revenue Service. Those documents merely reveal that on a certain date various types of taxes in sundry amounts (usually in the millions of dollars) were assessed. The only name on the certificates is that of the assessment officer and the assessment no more 'describes' the assessment (except by type of tax) than does Form 2317, the proof of claim. Neither the name of the taxpayer nor the amount of the assessment against him is revealed on the certificates, it being a summary of assessments made against hundreds or even thousands of individual taxpayers. Voluminous additional records would be needed to prove that an assessment against the bankrupt was included in the totals shown on the assessment certificate. The Government submits that the inclusion of such a document would not in the least help a trustee decide whether or not to file an objection. Nor would it establish the fairness or validity of the claim." Brief of Petitioner at 9–10.

If any further authority were needed for the conclusions here reached it could be found in Massachusetts Bonding & Ins. Company v. New York, 259 F.2d 33 (2d Cir. 1958). While the government's proof of claim there considered is not fully set forth it was apparently the very type used in the case at bar. In that case, although the United States failed even to argue before the Referee its "lien theory", nevertheless, the court of appeals held that it was error for the Referee to fail to recognize the tax claims and also their lien status. In that litigation the certificates of assessment were merely appended to the government's brief in the court of appeals. Had it been necessary for the certificates to be attached to the proof of claim in the lower court, the holding of the court of appeals would obviously have been different.

The Petition for Review is granted and the ruling and order of the Referee is hereby reversed.