In re Samuel J. FRIEDMAN, Receiver for Gilbert Steinhorn and Joyce Steinhorn, Bankrupts.

**SUPERIOR METAL MOULDING COMPANY, INC.**

v.

**Bernard and Elaine SHIPP.**

Civ. A. No. M–77–696.

United States District Court, D. Maryland.

Aug. 1, 1977.

Michael J. Schwarz, Baltimore, Md., for appellant Superior Metal Moulding Co.

Neil Warren Steinhorn, Baltimore, Md., for appellees Bernard & Elaine Shipp.

## MEMORANDUM

JAMES R. MILLER, District Judge.

This appeal under Bankruptcy Rule 810 raises a question of the quantum and quality of the evidence that the objector to a creditor's proof of claim must present in order to require the bankruptcy judge to weigh the evidence and make express findings of fact to support the allowance or disallowance of said claim.

In this proceeding Elaine and Bernard Shipp, parents of the bankrupts, filed a proof of claim for $16,000 on an unsecured confessed judgment note dated April 30, 1975. Another unsecured creditor, Superior Metal Moulding Company, Inc., filed an objection to $11,000 of the claim, which it argued consisted, in actuality, of gifts made by the parents at important family milestones.

At the hearing, before the bankruptcy judge, examination of the claimant, Mrs. Shipp, revealed that for many years prior to the eve of bankruptcy there had been no

note or other documentation for the $11,-000, no agreement on interest, and no partial repayment. In addition, between the time of the inception of the alleged debt and the declaration of bankruptcy the bankrupts had submitted to bank loan departments three separate financial statements, none of which reported the $11,000 as a debt. Finally, the evidence disclosed that the transfers had been made at happy family times—the grandson's bar mitzvah, the one room addition to the new house, and the opening of a new business. When the $11,000, which had allegedly been loaned to the bankrupts between 1965 and 1968, was finally made the subject, together with a $5,000 loan in 1974, of the $16,000 note on April 30, 1975, it was almost immediately reduced to judgment on May 28, 1975. A sheriff's return was filed showing service of the confessed judgment suit upon the bankrupts on June 4, 1975. On July 3, 1975, the bankrupts filed voluntary Petitions in Bankruptcy.

Mrs. Shipp also testified, however, that repayment was expected by the parents, that repayment was promised by the children when business improved, that unpressured inquiries about repayment were made occasionally, and that the informal $11,000 "loans" were made prior to Mr. Shipp's retirement when the claimants were in a better financial position than now.

■ From the evidence before the bankruptcy judge, conflicting inferences could be drawn, and different conclusions reached, depending largely upon the credibility of Mrs. Shipp. If the evidence had been weighed and a finding of fact made, the findings of the bankruptcy judge would be subject to change only if clearly erroneous. Bankruptcy Rule 810. From the record here, this court cannot ascertain whether such a finding was made. In his oral ruling, the bankruptcy judge said:

"I don't think the evidence as produced here today is sufficient to overcome the

presumption of the existence of a debt that arises by virtue of the filing of claim and the judgment and, therefore, the objection to the claim will be overruled." (Tr. 36) (Paper No. 69).

The objector to the claim of the Shipps urges that the evidence presented by it was sufficient to compel the bankruptcy judge to make an express finding of fact on the validity of the debt and that excessive weight was given by the bankruptcy judge to the presumption created by a properly executed proof of claim.

I

Preliminarily, the objector urges that the proof of claim was not entitled to any evidentiary weight under Bankruptcy Rule 301(b) because it failed to state the consideration for the debt as required. *See* Bankruptcy Rule 301, Official Form 15; 3 *Collier on Bankruptcy* § 57.03[3.2] (1976 ed.).

■ Although the proof of claim must present enough detail for the bankruptcy judge to make an informed decision, the objector's argument is mooted by the bankruptcy judge's decision to accept the claimant's oral testimony to compensate for the deficiencies. That decision was entirely within his discretion and is consistent with the expeditious administration of bankruptcy cases. *In re Welborne,* 266 F. 385, 386–387 (S.D.N.Y.1920); *cf. Katchen v. Landy,* 382 U.S. 323, 329, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Gardner v. New Jersey,* 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947). Accordingly, for purposes of the appeal, this court will assume that the proof of claim was properly executed.

II

Bankruptcy Rule 301(b) provides that a "proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." [1]

1. The Federal Rules of Evidence, which apply in bankruptcy subject to specific provisions, *see* Bankruptcy Rule 917, do not define the effect of *"prima facie* evidence." F.R.Evid. 301 does govern the effect of a presumption in general in civil actions. To analogize a proof of claim to a complaint, an objection to an answer, and a summary hearing in bankruptcy to a civil trial might be possible, but it seems unnecessary in this case.

The term *"prima facie* evidence" or *"prima facie* case" has at least two separate, while related, meanings. On the one hand, it may mean evidence which is sufficient to shift the burden of producing evidence and which entitles the proponent to a favorable ruling if the opponent fails to produce evidence. The other meaning is that the proponent has produced enough evidence to go to the finder of fact and to permit a favorable ruling. *See* J. Wigmore, *Evidence* § 2494 (1940); *McCormick on Evidence* § 342, at 803 n.26 (Cleary ed. 1972).

In bankruptcy, it is settled that a properly executed proof of claim is sufficient to shift the burden of producing evidence *and* to entitle the claimant to a share in the distribution of the bankrupt's estate unless an objector comes forward with evidence contradicting the claim. *See* Bankruptcy Act § 57(d), 11 U.S.C. § 93(d); Bankruptcy Rule 306(b)–(c); *Whitney v. Dresser,* 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906); 3 *Collier on Bankruptcy* § 57.14.

While a properly executed claim does shift the burden of producing evidence to the objector, the burden of persuasion remains at all times with the claimant. *See, e. g., Whitney v. Dresser,* 200 U.S. at 535, 26 S.Ct. 316; *In re Pringle Engineerings & Mfg.,* 164 F.2d 299 (6th Cir. 1947); *In re Sabre Shipping Corp.,* 299 F.Supp. 97 (S.D.N.Y.1969). At no time does the objector assume the burden of disproving the claim. See 3 *Collier* § 57.18[5].

The nature and amount of evidence that must be presented by the objector has been described in two ways that diverge in expression and, at least here, in application. Under the first approach, the objector must present "some evidence" contradicting the proof of claim, whereupon the bankruptcy judge must weigh the evidence presented by the objector against the proof of claim, which itself retains some weight as evidence, *e. g., Whitney v. Dresser, supra,* and any evidence presented by the claimant. After weighing the evidence, the judge must make a finding of fact as to the validity and amount of the claim. *See In re Hannevig,* 10 F.2d 941, 942 (2d Cir. 1925) ("evidence contradicting [the proof of claim]"); *In re Sabre Shipping Corp.,* 299 F.Supp. 97, 99 (S.D.N.Y.1969) ("contradictory evidence"); *In re Bradley,* 16 F.2d 301, 302 (S.D.N.Y.1926) ("some evidence contradicting it"); 3 *Collier* § 57.13, at 225 ("some evidence to the contrary").

Under the other approach, the objector must put on enough evidence to rebut or overcome the *prima facie* case created by the proof of claim; only then, after a preliminary victory over the presumptive validity of the debt as expressed in the proof of claim, does the objector's additional evidence in nature or amount require the bankruptcy judge to weigh the evidence and find the facts. *See In re Estrada's Market,* 222 F.Supp. 253, 255 (S.D.Cal.1963) ("evidence to rebut the . . . claim"); 3 *Collier* § 57.18[5], at 294 ("enough evidence to rebut the claimant's *prima facie* case"). Apparently this latter view was followed here where, despite the evidence produced by the objector, the bankruptcy judge concluded that the evidence was not "sufficient to overcome the presumption of the existence of a debt."

This court concludes that the first approach is the better one to follow. To give the effect of a presumption to a proof of claim and thereby to require an objector to produce sufficient evidence to overcome the presumption is to give greater stature to the proof of claim than is warranted by Rule 301(b) which provides only that a proof of claim is *prima facie* evidence. To require an objector to produce enough evidence to rebut or overcome the so-called presumption would create a confusing additional step in administering claims against a bankrupt's estate. The Bankruptcy Rules anticipate (1) that an unobjected to proof of claim will be deemed allowed, Rule 306(b); (2) that, upon objection, a hearing will be held, evidence will be presented, and a finding of fact as to the validity and amount of the claim will be made by the bankruptcy

judge, *see* Rule 306(c); and (3) that upon appeal to the district court, the finding of fact may be changed only if clearly erroneous, Rule 810. In this scheme, there is no place for an intermediate ruling that there is not enough evidence to rebut the presumption created by the proof of claim.

For these reasons and in accord with the the weight of authority above cited, this court holds that when an objector to a claim goes forward at the hearing with some evidence contradicting the claim, the objector's burden of going forward with the evidence is met. Then the bankruptcy judge must weigh the evidence presented by the objector against the proof of claim, *see Whitney v. Dresser, supra,* together with any evidence presented by the claimant, and he must make a finding of fact as to the validity and amount of the claim.

### III

It is unclear whether the Order of the bankruptcy judge rested upon the required findings of fact relating to the validity and amount of the claim or instead reflected the use of an erroneous legal standard placing the burden upon the objector to disprove the claim or to overcome a non-existent presumption. The Order of December 21, 1976, denying the objection must be vacated and the case remanded.

Upon remand the decision whether or not to reopen the evidence is within the discretion of the bankruptcy judge.

If another appeal should be considered after findings of fact by the bankruptcy judge, counsel should bear in mind that the "issue whether the sums paid by [the parents] to the bankrupts were gifts or advancements, or loans is *wholly a question of fact." In re German,* 193 F.Supp. 948, 950 (S.D.Ill.1961) (emphasis added). This appeal must be remanded so that the finding of fact may be made and expressed.

An Order will be entered.